The STATE of Ohio ex rel. LINDSAY et al., Appellants,

v.

DWYER, Appellee.

[Cite as *State ex rel. Lindsay v. Dwyer* (1996), 108 Ohio App.3d 462.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE08–952.

Decided Jan. 18, 1996.

*McLaughlin, McNally & Carlin* and *John A. McNally III,* for appellants.

*Betty D. Montgomery,* Attorney General, and *Michael W. Gleespen,* Assistant Attorney General, for appellee.

McCORMAC, Judge.

Appellants appeal from the judgment of the Franklin County Court of Common Pleas denying their request for a writ of mandamus, by which they sought an order requiring the State Teachers Retirement System of Ohio ("STRS") to furnish them with the name of the beneficiary designated by their deceased daughter who was a member of STRS prior to her death.

Appellants assert the following assignment of error:

"The trial court erred, as a matter of law, by holding that the 'Designation of Beneficiary Prior to Service Retirement Form' is exempt from public inspection because its release is prohibited by law."

Appellants are the parents of Jon C. Lindsay–Krantz, who was a member of STRS prior to her death. While a member of STRS, Krantz completed a "Designation of Beneficiary Prior to Service Retirement Form" and submitted it

to STRS. STRS asserts that it is paying benefits to the beneficiary designated on that form, but denied access to inspection of that form by appellants. Appellants claim that the records sought are public records within the meaning of R.C. 149.43, and that appellee has a legal duty to make the records available to them. Appellee admits denying appellants' request for inspection of the records, but asserts that R.C. 3307.21(B)(2) prohibits disclosure of the information.

R.C. 149.43(A)(1) provides as follows:

" 'Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code and to appeals of actions arising under that section, records listed in division (A) of section 3107.42 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, * * * and *records the release of which is prohibited by state or federal law.*" (Emphasis added.)

The issue is whether a designation of beneficiary prior to service retirement form is a record the release of which is prohibited by state law.

Appellee claims that state law, specifically R.C. 3307.21(B)(2), prohibits disclosure of the information. That section, which pertains to STRS, provides as follows:

"The records of the board shall be open to public inspection, except for the following, which shall be excluded, except with the written authorization of the individual concerned:

"(a) The individual's personal records provided for in section 3307.29 of the Revised Code;

"(b) The individual's personal history record;

"(c) Any information identifying, by name and address, the amount of a monthly allowance or benefit paid to the individual."

Moreover, R.C. 3307.21(B)(1) defines "personal history record" to mean "information maintained by the board on a member, former member, contributor, former contributor, retirant, or beneficiary that includes the address, telephone number, social security number, record of contributions, correspondence with the system, or other information the board determines to be confidential."

Appellants state that they only want to inspect the form as it pertains to the name of the beneficiary, the date of designation, and the signature of their daughter, and that it would be appropriate to delete or blackout the address, telephone number, social security number, and record of contributions, which they argue are the only prohibited disclosure information as pertains to this form.

Appellee first asserts that submission of the designation of beneficiary prior to service retirement form constituted correspondence with the system and falls within R.C. 3307.21(B)(1). Correspondence is generally defined as communication by letters. The term is not broad enough to apply to the form in issue, given the public policy which requires a liberal construction of provisions defining public records and a strict construction of the exceptions. *State ex rel. Petty v. Wurst* (1989), 49 Ohio App.3d 59, 60, 550 N.E.2d 214, 215–216. Any doubt must be resolved in favor of disclosure. *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1988), 38 Ohio St.3d 79, 83, 526 N.E.2d 786, 789–790. The form is not excluded as correspondence even though it was submitted to respondent by letter. If there were personal correspondence accompanying the form or inquiring about other matters pertaining to the member's file, then it would constitute correspondence. If correspondence were to be construed as broadly as urged by appellee, the entire file would be protected from disclosure, which is not the intent of R.C. 3307.21(B).

Appellee next asserts that all information on the form not specifically excluded constitutes "other information the board determines to be confidential" which comes within the exception found in R.C. 3307.21(B)(1). In support of this argument, appellee points to Ohio Adm.Code 3307–1–03(A), which provides, as pertains to confidentiality of the identity of beneficiaries, as follows:

"(1) Any record identifying *beneficiary information*, account balance or a benefit or allowance paid or payable to any person.

"(2) Any record identifying the service history or service credit of a member or retiree, or the dependents or *beneficiaries of a member* or retiree.

"(3) Any record pertaining to a member, former member, contributor, retirant or *beneficiary* that includes address, telephone number, social security number, record of contributions or correspondence with the system." (Emphasis added.)

Ohio Adm.Code 3307–1–03(A) would exclude all information sought by appellants pertaining to the designation of beneficiary form as it prohibits the release of any record identifying beneficiary information. The form constitutes that kind of record.

The issue then is whether Ohio Adm.Code 3307–1–03(A) was properly promulgated to specify "other information the board determines to be confidential." We find that it was properly promulgated under that provision. However, we do not agree with appellee that the catchall provision at the end of R.C. 3307.21(B)(1) allows the board *carte blanche* authority to designate any other information as confidential. We do agree that the information specifically excluded by Ohio Adm.Code 3307–1–03(A) falls within the authority allotted by the General Assembly to the board for nondisclosure of confidential material. To

constitute a proper administrative rule, the confidential information must reasonably pertain to information maintained by the board on a member or former member, contributor, former contributor, retirant, or beneficiary. The information excluded in Ohio Adm.Code 3307–1–03 does relate to information maintained by the board on a member or beneficiary; both the member and beneficiary may wish to keep confidential the name of the beneficiary and the date of designation. Thus, it was proper for the board to deny access to the "Designation of Beneficiary Prior to Service Retirement Form."

Appellants' assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BOWMAN, P.J., and LAZARUS, J., concur.

JOHN W. McCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.