[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 273.]

THE STATE EX REL. KERNER, APPELLANT, *v.* STATE TEACHERS RETIREMENT BOARD, APPELLEE.

[Cite as *State ex rel. Kerner v. State Teachers Retirement Bd.*, 1998-Ohio-242.]

*Public records—Mandamus to compel State Teachers Retirement Board to provide relator access to documents reflecting names and addresses of all STRS members who have completed five years of service credit, but are inactive and have made no contributions during the preceding school year—Writ denied, when.*

(No. 97-1188—Submitted May 12, 1998—Decided July 1, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD03-441.

————————————

{¶ 1} Appellant, Joseph Kerner, is a member of the State Teachers Retirement System ("STRS") who ran for a position on appellee, State Teachers Retirement Board ("board"), the statutory administrator of STRS, at the 1997 election. At the time that Kerner was a board candidate, he had five years of STRS service credit, but he had not made any contributions to STRS during the preceding school year. Kerner requested that the board give him access to "documents reflecting the names and addresses of all STRS members who have completed five years of service credit, but are inactive and have made no contributions during the preceding school year." Kerner had hoped to economically target this subclass of STRS members, which he thought to be approximately eighteen thousand people, for solicitation for purposes of his campaign. The board denied Kerner's requests, although it offered to provide Kerner a list of the names and addresses of all STRS members, which exceeded two hundred thousand people.

{¶ 2} In fact, the requested compilation of information does not exist in record form. In order to compile this record, the board would have to create one by

writing a new computer program that could be used to search the existing personal history records of all STRS members.

{¶ 3} In March 1997, Kerner filed a complaint in the Court of Appeals for Franklin County for a writ of mandamus to compel the board to make the requested records available for inspection and copying in accordance with R.C. 149.43, Ohio's Public Records Act. After the board filed an answer and the parties filed additional pleadings, the court of appeals denied the writ.

{¶ 4} The cause is now before this court upon an appeal as of right.

_____

*Martin, Pergram & Browning Co., L.P.A.*, and *James M. Dietz*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Michael W. Gleespen*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 5} In his propositions of law, Kerner essentially asserts that the court of appeals erred in denying the writ. Kerner claims that the requested names and addresses of STRS members who have completed five years of service credit and who have made no contributions during the preceding school year are public records that must be disclosed under R.C. 149.43. For the reasons that follow, Kerner's argument lacks merit, and we affirm the judgment of the court of appeals.

{¶ 6} Initially, as the board cogently noted both below and on appeal, it has no duty to create a new document by searching for and compiling information from its existing records. See *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 427, 687 N.E.2d 283, 285, quoting *State ex rel. Fant v. Tober* (Apr. 28, 1993), Cuyahoga App. No. 63737, unreported, 1993 WL 173743 (" '[R]elator's request for mandamus relief is denied to the extent that his public records request broadly sought respondents to search for records containing

2

selected information.' "); see, also, *State ex rel. Thomas v. Ohio State Univ.* (1994), 70 Ohio St.3d 1438, 638 N.E.2d 1041.

{¶ 7} In other words, a compilation of information must already exist in public records before access to it will be ordered. *State ex rel. Scanlon v. Deters* (1989), 45 Ohio St.3d 376, 379, 544 N.E.2d 680, 683, overruled on other grounds, *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426-427, 639 N.E.2d 83, 89 ("We hold that the clerk could not be required to create a new 'document' by compiling material to facilitate review of the public records. Conversely, if the clerk's computer were already programmed to produce the desired printout, the 'document' would already exist for the purpose of an R.C. 149.43 request."); *State ex rel. Kinsley v. Berea Bd. of Edn.* (1990), 64 Ohio App.3d 659, 664, 582 N.E.2d 653, 656.

{¶ 8} Here, the evidence establishes that the board did not have the requested compilation of names and addresses of STRS members who have completed five years of service credit and who have made no contributions during the preceding school year. In order to create the requested records, the board would have had to reprogram its computer system. Therefore, the board had no duty to provide access to the requested records. *Scanlon*, 45 Ohio St.3d at 379, 544 N.E.2d at 683. The Public Records Act does not compel the board to create a new document to satisfy Kerner's demands. *State ex rel. Fant v. Mengel* (1992), 62 Ohio St.3d 455, 455-456, 584 N.E.2d 664, 665.

{¶ 9} In addition, assuming the board had a duty to compile the requested records, Kerner still would not have been entitled to access to the requested records under R.C. 149.43. Public records do not include "[r]ecords the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(p); *State ex rel. Gannett Satellite Information Network, Inc. v. Petro* (1997), 80 Ohio St.3d 261, 265-266, 685 N.E.2d 1223, 1228.

{¶ 10} The requested records were exempted from disclosure under R.C. 149.43 by R.C. 3307.21(B) and Ohio Adm.Code 3307-1-03(A). R.C. 3307.21(B)(2)(b) exempts from public inspection an individual's "personal history record" unless the individual concerned authorizes its release in writing. "Personal history record" includes "information maintained by the board on a member, former member, contributor, former contributor, retirant, or beneficiary that includes the * * * record of contributions * * * or other information the board determines to be confidential." R.C. 3307.21(B)(1). Ohio Adm.Code 3307-1-03 was promulgated by the board to specify "other information the board determines to be confidential" under R.C. 3307.21(B). *State ex rel. Lindsay v. Dwyer* (1996), 108 Ohio App.3d 462, 466, 670 N.E.2d 1375, 1378. In the absence of written authorization of the person to whom the record pertains, Ohio Adm.Code 3307-1-03(A)(2) and (3) prohibit the release to a third party of records identifying service history, service credit, or contributions of STRS members.

{¶ 11} Kerner contends that R.C. 3307.21(B) and Ohio Adm.Code 3307-1-03(A) do not apply because he is requesting names and addresses of a subclass of STRS members rather than information concerning specific service credit and contributions for any individual. But, as the court of appeals held, "were respondent to produce the requested names, it would necessarily disclose the [service credit and] record of contributions of each person whose name was produced." The requested names would divulge that each person had at least five years of service credit and had made no contributions during the preceding school year. R.C. 3307.21(B) and Ohio Adm.Code 3307-1-03(A) prohibit this disclosure.

{¶ 12} In addition, Kerner erroneously relies on R.C. 3307.21(E), Ohio Adm.Code 3307-1-03(B), *Police & Fire Retirees of Ohio, Inc. v. Police & Firemen's Disability & Pension Fund* (1985), 18 Ohio St.3d 231, 18 OBR 289, 480 N.E.2d 482, and *State ex rel. Public Emp. Retirees, Inc. v. Public Emp. Retirement System* (1979), 60 Ohio St.2d 93, 14 O.O.3d 331, 397 N.E.2d 1191, in support of

his claimed entitlement to the writ. As the court of appeals held, R.C. 3307.21(E) "either allows or requires the board to produce only the names and addresses of the specified persons; it does not allow the board to pare down the list in a fashion which discloses information otherwise prohibited from disclosure." Ohio Adm.Code 3307-1-03(B) does not permit disclosure of the requested records because subsection (B) applies only to "[a]ll other information not described in paragraph (A) of this rule or otherwise made confidential by law * * *." *Police & Fire Retirees* and *Pub. Emp. Retirees* are inapposite; neither involved records exempted from disclosure by R.C. 3307.21(E) and Ohio Adm.Code 3307-1-03(B).

{¶ 13} Based on the foregoing, the court of appeals properly denied the writ. The board had no duty to provide Kerner with access to the requested records. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————