The STATE of Ohio ex rel. FARLEY,

v.

McINTOSH.

[Cite as *State ex rel. Farley v. McIntosh* (1998), 134 Ohio App.3d 531.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16682.

Decided July 17, 1998.

*Andrew Farley,* pro se.

*Thompson Hine & Flory, Scott A. King* and *Rebecca B. Anaya,* for respondent.

---

*Per Curiam.*

This matter comes before us upon respondent Dr. William McIntosh's motion seeking dismissal or summary judgment on relator Andrew Farley's petition for a writ of mandamus.

Farley's petition asks this court for a writ of mandamus directing the respondent to provide him with certain public records, including documents showing McIntosh's credibility as an expert examiner of mental competency, unspecified educational and licensing documents, and an affidavit from the doctor addressing a variety of issues. In essence, Farley's petition alleges that Dr. McIntosh performed a biased and incomplete court-ordered competency examination and provided the court with incomplete testimony and a incredible evaluation report. Farley then cites Ohio's public records legislation as authorizing his request for information from Dr. McIntosh.

■ In response, Dr. McIntosh has filed a motion to dismiss or for summary judgment. Dr. McIntosh contends that Farley has not met the requirements for obtaining a writ of mandamus. Having reviewed the relator's petition and Dr. McIntosh's motion, we agree that Farley has not met the requirements for a writ of mandamus. To secure a writ of mandamus, a petitioner must demonstrate a clear legal right to the relief prayed for, the respondent's clear legal duty to perform the requested act, and the absence of an adequate remedy at law. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129–1130.

Farley, however, has no clear legal right to the information demanded from McIntosh. Farley seeks the information under Ohio's public records act. That act, however, defines a "public record" as "any record that is kept by any public office." R.C. 149.43(A)(1). Furthermore, a "record" is "any document, device, or item, regardless of physical form or characteristic, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." R.C. 149.011(G). Finally, a "public office" is "any state agency, public institution, political subdivision, or any other organized body, office, agency, institution, or entity established by the laws of this state for the exercise of any function of government." R.C. 149.011(A).

■ At the outset, we note that Farley's request for Dr. McIntosh to prepare an affidavit falls outside the public records act. Farley's request does not seek an existing document, device, or item. Consequently, the information sought is not a record. Furthermore, he seeks to compel the creation of a new document. Under these circumstances, Farley has no legal right to the information requested, and Dr. McIntosh has no legal duty to perform the requested act. *State ex rel. Fant v. Mengel* (1992), 62 Ohio St.3d 455, 455–456, 584 N.E.2d 664, 665; *State ex rel. Kerner v. State Teachers Retirement Bd.* (1998), 82 Ohio St.3d 273, 275, 695 N.E.2d 256, 258–259 (noting that the public records act does not compel the creation of a new document to satisfy a petitioner's demands).

■ Additionally, Farley has cited no authority for the proposition that a court-appointed psychologist is public office. Dr. McIntosh being a private psychologist, any personal records he might possess are his private records. In reaching this conclusion, we note that the Ohio State Board of Psychology already has provided Farley with a letter containing certain public information about Dr. McIntosh, including his address, license number and date of issuance, lack of any disciplinary actions, university issuing his degree, and areas of practice.

We note also that Farley seeks Dr. McIntosh's "files of his credibility as to his expertise." This vague demand does not describe with particularity the specific documents being sought. As a result, we question whether it would constitute a proper public records request, even assuming *arguendo* that Dr. McIntosh otherwise would have an obligation to respond. *State ex rel. Zauderer v. Joseph* (1989), 62 Ohio App.3d 752, 756, 577 N.E.2d 444, 446 (finding that a request under the public record act "must be specific and particularly describe what it is that is being sought").

In short, we find that Farley lacks any legal right to the requested relief, and we find that Dr. McIntosh is under no legal duty to perform the requested acts. Farley has presented no statutory or common-law authority imposing a duty upon a court-appointed examiner to provide unspecified records and currently nonexistent testimony more than fifteen years after defense counsel stipulated to the competency examination results. Therefore, finding Farley without a legal right to the requested relief, and finding Dr. McIntosh under no legal duty to perform the requested act, we need not consider the existence of adequate remedies at law.

For the reasons set forth above, we grant Dr. McIntosh's motion to dismiss Farley's petition for a writ of mandamus. Farley's petition is hereby dismissed.

*So ordered.*

FREDERICK N. YOUNG, P.J., Brogan and FAIN, JJ., concur.