[Cite as *Schuman v. Dept. of Job & Family Servs.*, 2017-Ohio-5770.]

| | |
|---|---|
| ANDREW SCHUMAN | Case No. 2017-00362-PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| DEPARTMENT OF JOB AND FAMILY SERVICES | |
| Respondent | |

**{¶1}** In a letter dated April 5, 2017, requester Andrew Schuman made a public records request to respondent Ohio Department of Job and Family Services (ODJFS):

> a. "I am making a public record request for information contained in the new hire database.   * * * The requested information is any record in your database showing employer information, and current addresses, for the following individuals, * * *."  (Complaint, Attachment 1)

ODJFS responded on April 14, 2017 that it was unable to fulfill this request, pursuant to the statutory limitations on disclosure of such information contained in R.C. 3121.899. On April 20, 2017, Schuman filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B), attaching copies of the original records request and the above-referenced correspondence from ODJFS. On May 17, 2017, mediation was conducted with Schuman and counsel for ODJFS. The Court was notified that the case was not resolved and that mediation was terminated.  On May 31, 2017, ODJFS filed its combined response and motion to dismiss pursuant to R.C. 2743.75(E)(2).

**{¶2}** R.C.149.43(C) provides that a person allegedly aggrieved by a violation of division (B) of that section may either commence a mandamus action, or file a complaint under R.C. 2743.75.  In mandamus actions alleging violations of R.C. 149.43(B), a relator must establish by "clear and convincing evidence" that they are entitled to relief. *State ex rel. Miller v. Ohio State Hwy. Patrol,* 136 Ohio St.3d 350, 2013-Ohio-3720,

¶ 14. As for actions under R.C. 2743.75 alleging violations of R.C. 149.43(B), neither party has suggested that another standard should apply, nor is another standard prescribed by statute. R.C. 2743.75(F)(1) states that such claims are to be determined through "the ordinary application of statutory law and case law * * *." Accordingly, the merits of this claim shall be determined under a standard of clear and convincing evidence, i.e., "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**Motion to Dismiss**

{¶3} ODJFS moves to dismiss the complaint for failure to state a claim for which relief may be granted, because Schuman's request is for records that are exempt in their entirety from public records disclosure. In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). The unsupported conclusions of a complaint are, however, not admitted and are insufficient to withstand a motion to dismiss. *Mitchell* at 193.

{¶4} The remedy of production of records is available under R.C. 2743.75 if "the court of claims determines that the public office or person responsible for the public record denied the aggrieved person access to the public records in violation of division (B) of section 149.43 of the Revised Code * * *." R.C. 2743.75(F)(3). R.C. 149.43(B)(1) requires public offices to make public records available to any person upon request.

However, R.C. 149.43(A)(1) enumerates specific exceptions from the definition of "public record" for purposes of disclosure under the Public Records Act, as well as a catch-all exception for, "[r]ecords the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(v). There is no dispute that ODJFS is a public office, that the requested information exists in records kept by ODJFS, that the request of April 5, 2017 reasonably identifies the information sought, and that ODJFS denied the request in its entirety.

{¶5} I conclude that Schuman's letter contains a proper public records request, subject to any valid exception, despite the framing of the request as one for "information." A requested search for "information" from among an office's records is not generally a proper request under the Public Records Act. *State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 38, 2006-Ohio-6365, ¶ 30. However, if an office database is already programmed to produce the requested information, the output is considered to be an existing "record," and subject to public records request. *State ex rel. Kerner v. State Teachers Retirement Bd.*, 82 Ohio St.3d 273, 274-275, 695 N.E.2d 256 (1998). "Records" and "information" are often used synonymously in R.C. 149.43 and Ohio statutory exceptions, and "records" is judicially construed expansively to include everything from items within documents, to "compilations of information." *Kish v. Akron*, 109 Ohio St.3d 162, 2006-Ohio-1244, ¶ 24-27; *State ex rel. Cincinnati Post v. Schweikert*, 38 Ohio St.3d 170, 172-173, 527 N.E.2d 1230 (1988). The request letter itself equates the two in stating, "[t]he requested information is any record in your database * * *." Schuman's request will therefore be construed as a request for "records" from the new hires directory.

{¶6} If a court determines that records withheld from release are exempt from disclosure, a complaint based solely on denial of access to the records is subject to dismissal for failure to state a claim upon which relief may be granted. *State ex rel. Welden v. Ohio State Med. Bd.*, 10th Dist. Franklin No. 11AP-139, 2011-Ohio-6560,

¶¶ 2, 13-15; *State ex rel. Parisi v. Heck*, 2d Dist. Montgomery No. 25709, 2013-Ohio-4948, ¶ 5-13; *Perry v. Onunwor*, 8th Dist. Cuyahoga No. 78398, 2000 Ohio App. LEXIS 5893, *5. In asserting exceptions to disclosure, a public office bears the burden of proof:

> b. Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. * * * A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception.

*State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, ¶ 10. The policy underlying the Public Records Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft*, 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. "[O]ne of the salutary purposes of the Public Records Law is to ensure accountability of government to those being governed." *State ex rel. Strothers v. Wertheim*, 80 Ohio St.3d 155, 158, 684 N.E.2d 1239, 1242 (1997). Therefore, R.C. 149.43 must be construed "liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996). In this case, Schuman concedes that the new hire reports filed with ODJFS are not themselves public records, but argues that "the information contained within the database is." (Complaint.) ODJFS asserts that the employer and employee records requested by Schuman are excepted from disclosure pursuant to R.C. 3121.899[1] as well as other state and federal statutes not referenced in its original

---

[1] "(A) The new hire reports filed with the department of job and family services pursuant to section 3121.901 of the Revised Code shall not be considered public records for purposes of section 149.43 of the Revised Code. The director of job and family services may adopt rules under section 3125.51 of the Revised Code governing access to, and use and disclosure of, information contained in the new hire reports."

response to Schuman's request.[2]  (Response at p. 5-7.)  Thus, the issue before the court is whether the requested records in the new hires directory are subject to one or more exceptions from disclosure.

### Information Contained in the ODJFS New Hires Directory

{¶7} Ohio employers are required to make new hire reports to ODJFS regarding newly hired employees who work for pay in Ohio.  R.C. 3121.891.  New hire reports must contain the specific information requested by Schuman – the employee's address and the employer's name, address and identification number.  R.C. 3121.892(A)(1) and (3).  Upon receipt of each new hire report, ODJFS is required to enter "the information described in divisions (A)(1) and (3) of section 3121.892 of the Revised Code into the new hires directory, which shall be part of or accessible to the automated data processing system required pursuant to section 3125.07 of the Revised Code." R.C. 3121.894.  Schuman's reference to "the new hire *database*" thus refers to the new hires *directory* within the ODJFS statewide automated data processing system. I conclude that the record information requested by Schumer is maintained by ODJFS within the new hire directory pursuant to R.C. 3121.894.  The Public Records Act, R.C. 149.43, provides that:

> "(A) As used in this section:
>
> (1) * * * "Public record" does not mean any of the following:
>> * * *
>> (o) Records maintained by the department of job and family services pursuant to section 3121.894 of the Revised Code;"

The language of the statute is unambiguous and removes the entirety of Schuman's request from the definition of "public record."  I conclude that the records withheld in this case by ODJFS were exempt from disclosure.[3]

---

[2] "The explanation [provided when denying a request] shall not preclude the public office * * * from relying upon additional reasons or legal authority in defending an action commenced under division (C) of this section." R.C. 149.43(B)(3).

**Conclusion**

{¶8} Upon consideration of the pleadings and attachments, I find that Schuman has failed to establish by clear and convincing evidence that ODJFS violated division (B) of R.C. 149.43 when it denied Schuman's request for information from the new hire database. Accordingly, I recommend that the court issue an order DISMISSING the complaint for failure to state a claim. Civ.R. 12(B)(6).

{¶9} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
JEFFERY W. CLARK
Special Master

cc:

Andrew Schuman
610 5th Street
Bowling Green, Ohio 43402

Cheryl Rae Hawkinson
Assistant Attorney General
30 E. Broad Street, 26th Floor
Columbus, Ohio 43215-3428

Renata Y. Staff
Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215

**Filed June 6, 2017**
**Sent to S.C. Reporter 7/7/17**

_____

[3] Due to the conclusive effect of this exception, the court need not reach ODJFS's additional claimed exceptions for the purposes of this motion to dismiss: R.C. 3121.898, 3121.899; Ohio Adm. Code 5101:12-10-90, 5101:12-10-90.1, 5101:12-10-90.2; 42 U.S.C. § 654a(d), 42 U.S.C. § 654a(d)(1)(A)-(B).