[Cite as *State ex rel. Drum v. Ohio Pub. Emps. Retirement Sys.*, 2018-Ohio-1614.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Mark Drum, | : | |
| Relator, | : | |
| v. | : | No. 17AP-635 |
| Ohio Public Employees Retirement System, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

———————

D E C I S I O N

Rendered on April 24, 2018

———————

**On brief:** *Gwen Callender*, for relator.

**On brief:** *Michael DeWine*, Attorney General, and *John J. Danish*, for respondent.

———————

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BROWN, P.J.

{¶1} Relator, Mark Drum, seeks a writ of mandamus ordering respondent, Ohio Public Employees Retirement System ("OPERS"), to comply with relator's public records request seeking a mailing list containing the names and home addresses of OPERS employees currently employed by counties in the State of Ohio. OPERS has denied the request on the basis that the information sought is specifically exempted from public records requests, and that by law, OPERS can only release a general list of all OPERS members and their addresses without sorting or separating members by employer or other factors. OPERS has filed a motion to dismiss.

{¶2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53 and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, and recommended this court grant the motion to dismiss filed by OPERS and deny relator's request for a writ of mandamus. Relator has filed objections to the magistrate's decision.

{¶3} In order to obtain a writ of mandamus, relator would be required to demonstrate that: (1) he has a clear legal right to the relief prayed for, (2) OPERS is under a clear legal duty to perform the act requested, and (3) OPERS has no plain and adequate remedy in the ordinary course of law. *State ex rel. Thompson v. Ohio Adult Parole Auth.*, 10th Dist. No. 10AP-24, 2011-Ohio-429, ¶ 23, citing *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983).

{¶4} In his objections, relator raises no new issues. Relator reiterates that neither R.C. 145.27(A)(2) nor (D)(3) exclude from public disclosure the names and addresses he has requested from OPERS. He also asserts OPERS's own policy indicates a record is available to the public as long as the record is used in the regular course of OPERS business and is not otherwise exempt from law. He further contends that, although Ohio Adm.Code 145-1-61(C) excludes OPERS from publicly disclosing personal history and medical reports of a member, his request did not include a request for such. He claims the requested mailing list does not reveal any information that is exempt as a personal history record. He argues the fact that names and addresses are derived from the personal history records of OPERS members does not except them from being a public record. He also asserts that, contrary to the magistrate's finding that disclosure of a subclass of employees for a given employer necessarily discloses the record of contribution and service credit for the names produced, he did not request such but only the names and addresses of members employed by counties. Relator also takes issue with the magistrate's reliance on *State ex rel. Kerner v. State Teachers Retirement Bd.*, 82 Ohio St.3d 273 (1998).

{¶5} We agree with the magistrate that the records requested by relator are exempt from public disclosure. The magistrate concisely linked the relevant Ohio Revised Code and Ohio Administrative Code sections to arrive at this conclusion. R.C. 149.43, the Ohio Public Records Act, provides for the disclosure of public records, except for, among other things, those "records the release of which is prohibited by state or federal law." R.C.

149.43(A)(1)(v). R.C. 145.27(A) prohibits OPERS from releasing the personal history records of its members, and allows OPERS to specify what it deems confidential information. Through Ohio Adm.Code 145-1-61(A), OPERS has specified the names and addresses of its members as confidential, and through Ohio Adm.Code 145-1-61(B)(1), OPERS has specified that a record identifying the service history or service credit of a member is considered a personal history record under R.C. 145.27(A). The magistrate then explained that by filtering its list of member names to form a subclass of county employees, OPERS necessarily identifies the service history and service credit of a member. Relator's arguments that none of the specific exclusions from public disclosure contained in R.C. 145.27 and Ohio Adm.Code 145-1-61 apply here, and he did not specifically request personal history records, do not counter the magistrate's reasoning that sorting its member names by county employees necessarily identifies the service history and credit of the members and, as such, prohibits OPERS from disclosing a list of such employees to relator.

{¶6}    As for the magistrate's comparison of the present case to *Kerner*, relator attempts to distinguish it from the circumstances here. Relator claims that, in *Kerner*, the Supreme Court of Ohio found if the State Teacher's Retirement System ("STRS") had created the list in the public records request, it would have necessarily disclosed the personal history records of the members by divulging that each person had at least five years of service credit and had made no contributions during the preceding year. Relator argues that, here, the fact the names and addresses in his request are derived from the personal history records of OPERS members does not except it from being a public record. He contends he did not directly request the records of contribution and/or service credit of the county employed OPERS members, and disclosure of the mailing list would not have revealed any prohibited information.

{¶7}    However, for purposes of the present case, the import of *Kerner* is that disclosing a subclass of employees for a given employer necessarily discloses the personal history records for those employees. Disclosure of those members would reveal they are employed by a county, which is a part of an employee's personal history record. We can find no error in the magistrate's reliance on *Kerner*.

{¶8} Finally, relator argues that nothing in R.C. 145.058, which allows OPERS to hire an outside vendor to administer elections, shields a mailing list created for that vendor from public disclosure. Relator points out it is this already existing mailing list that he seeks in his public records request. However, even though the mailing list relator seeks with his request had already been created by OPERS, the rules of public disclosure relied upon by the magistrate still apply. Despite the existence of the exact records relator seeks, R.C. 149.43(A)(1)(v), 145.27(A), Ohio Adm.Code 145-1-61(A), and (B)(1) still prohibit OPERS from releasing the personal history records of its members, as explained above. For these reasons, we overrule relator's objections.

{¶9} Accordingly, after an examination of the magistrate's decision, an independent review of the record, pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule his objections and adopt the magistrate's findings of fact and conclusions of law. OPERS's motion to dismiss is granted, and the action is dismissed.

*Objections overruled; action dismissed.*

**KLATT and BRUNNER, JJ., concur.**

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State ex rel. Mark Drum,                          :

        Relator,                                 :

v.                                                :                    No. 17AP-635

Ohio Public Employees Retirement                  :                 (REGULAR CALENDAR)
System,
                                                  :
        Respondent.
                                                  :

---

### MAGISTRATE'S DECISION

#### Rendered on October 31, 2017

---

*Gwen Callender*, for relator.

*Michael DeWine*, Attorney General, and *John J. Danish*, for respondent.

---

### IN MANDAMUS
### ON MOTION TO DISMISS

{¶10} Relator, Mark Drum, seeks a writ of mandamus ordering respondent, the Ohio Public Employees Retirement System ("OPERS"), to comply with relator's public records request seeking a mailing list containing the names and home addresses of OPERS employees currently employed by counties in the state of Ohio. OPERS has denied the request on the basis that the information sought is specifically exempted from public records requests, and that by law OPERS can only release a general list of all

OPERS members and their addresses without sorting or separating members by employer or other factor.

{¶11} OPERS has moved to dismiss relator's complaint for a writ of mandamus on the grounds that the complaint on its face fails to state a claim because the material identified in relator's public records request and mandamus complaint is statutorily exempt from disclosure. Because the matter is currently before the magistrate on a motion to dismiss for failure to state a claim, which tests the sufficiency of the complaint and assumes the truth of all facts alleged therein, the following findings of fact are based, where appropriate, on the allegations in the complaint.

**Findings of Fact:**

{¶12} 1. Relator, Mark Drum, is the elected State Secretary for the Fraternal Order of Police of Ohio, Inc.

{¶13} 2. Respondent, OPERS, is a statutorily-created Ohio state pension fund with its principal place of business in Franklin County, Ohio.

{¶14} 3. In September 2017, OPERS conducted its 2017 election for its board of trustees, including the position of County Employee Representative.

{¶15} 4. In connection with the election, OPERS generated a mailing list to distribute ballots to all county-employed OPERS members.

{¶16} 5. OPERS furnished the mailing list, including names and home addresses of county-employed OPERS members, to a vendor who would conduct the mail ballot election.

{¶17} 6. On August 4, 2017, relator requested by email the mailing list generated and used in the election.

{¶18} 7. Also on August 4, 2017, OPERS denied the request, stating that it could only furnish a list of all members, without separating out subcategories such as current employer or active or retired status.

{¶19} 8. On August 11, 2017, relator repeated his request. OPERS again refused, specifying that the records were exempt from public records disclosure.

{¶20} 9. Relator commenced the present action with a complaint for a writ of mandamus filed on September 5, 2017.

{¶21} 10. OPERS moved on October 6, 2017 to dismiss the action for failure to state a claim. Relator filed his response on October 13, 2017 and OPERS filed a reply on October 20, 2017.

**Discussion and Conclusions of Law:**

{¶22} A motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim is procedural and tests the sufficiency of the complaint. Dismissal is proper if, after all factual allegations are presumed to be true and all reasonable inferences are made in favor of the nonmoving party, it appears beyond doubt from the complaint that the plaintiff could prove no set of facts warranting the requested relief. *Modern Office Methods, Inc. v. Ohio State Univ.*, 10th Dist. No. 11AP-1012, 2012-Ohio-3587, ¶ 9. As long as there is a set of facts consistent with the complaint that would allow the plaintiff to recover, dismissal for failure to state a claim is not proper. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991); *Columbus Green Bldg. Forum v. State*, 10th Dist. No. 12AP-66, 2012-Ohio-4244, ¶ 28. The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co., LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7.

{¶23} In order for this court to issue a writ of mandamus, relator must show a clear legal right to the relief sought, a clear legal duty for the respondent to perform the requested act, and the absence of a plain and adequate remedy for relator in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983).

{¶24} Ohio's Public Records Act, R.C. 149.43, generally provides that, upon request, public records shall be promptly prepared and available for inspection to any person at all reasonable times during regular business hours. Among the numerous exceptions the statute creates in derogation of that general proposition, the broadest is the exception for "[r]ecords the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(v). Applying that exception, respondent argues that R.C. 145.27(A) prohibits OPERS from releasing the personal history records of its members, and authorizes the OPERS board to specify and identify any classes of confidential information. Pursuant to this, the board has promulgated Ohio Adm.Code 145-1-61(A), specifically identifying the names and addresses of members as confidential, and Ohio Adm.Code 145-1-61(B)(1),

specifying that "any record identifying the service history or service credit of [a] member" is part of the protected "personal history record" under R.C. 145.27(A).

{¶25} The magistrate finds that the list of member names, when filtered or selected by county employment, constitutes the personal history records of OPERS members and is exempt from public records disclosure under R.C. 143.49(A)(1)(v). The case is on all fours with the Supreme Court of Ohio's decision in *State ex rel. Kerner v. State Teachers Retirement Bd.*, 82 Ohio St.3d 273 (1998), examining an identical restriction on the release of personal information found in the State Teachers Retirement System ("STRS") statutes.

{¶26} In *Kerner*, the relator requested a list comprised of a subclass of STRS members selected by service credit (greater than five years) and current employment (inactive). Like relator here, the requestor in *Kerner* did not request specific service credit and contributions information for any given individual in the class. The Supreme Court nonetheless held that disclosure of a subclass identifiable by employment history " 'would necessarily disclose the [service credit and] record of contributions of each person whose name is produced.' " (Alterations sic) *Kerner* at 275, quoting the lower court's decision in the same case, 10th Dist. No. 97APD03-441 (Apr. 29, 1997) (memorandum decision). The Supreme Court held that such a disclosure would violate the statutory prohibition on release of personal service histories:

> The requested records were exempted from disclosure under R.C. 149.43 by R.C. 3307.21(B) and Ohio Adm.Code 3307-1-03(A). R.C. 3307.21(B)(2)(b) exempts from public inspection an individual's "personal history record" unless the individual concerned authorizes its release in writing. "Personal history record" includes "information maintained by the board on a member, former member, contributor, former contributor, retirant, or beneficiary that includes the * * * record of contributions * * * or other information the board determines to be confidential." R.C. 3307.21(B)(1).

*Kerner* at 275.

{¶27} Applying the clear precedent in *Kerner*, the magistrate concludes that disclosure of a list of OPERS members and their addresses, when sorted to include only current county employees, necessarily entails the disclosure of prohibited personal information protected by R.C. 143.49(A)(1)(v), R.C. 145.27(A), and Ohio Adm.Code 145-1-

61(A).  "Personal history record" includes "service history or service credit."  Ohio Adm.Code 145-1-61(B)(1).  Under *Kerner*, disclosure of a subclass of employees for a given employer necessarily discloses the record of contribution and service credit for the names produced.

{¶28} Relator does not dispute that OPERS twice offered to provide a global, unfiltered list of members.  This is the only information that OPERS is required by law to provide: a "list of the names and addresses of members, former members, contributors, former contributors, retirants, or beneficiaries."  R.C. 145.27(D)(3).  The board has no legal duty to provide the selective list requested, and relator has no legal right to receive the list.  It is accordingly the magistrate's decision that this court will grant the motion to dismiss filed by respondent and deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).