[Cite as *Graham v. Lake Cty. JFS/CSEA*, 2023-Ohio-2321.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| DANIEL GRAHAM | Case No. 2023-00048PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>DECISION AND ENTRY</u> |
| LAKE COUNTY JFS/CSEA | |
| Respondent | |

{¶1} In this public-records case, Respondent Lake County JFS/CSEA objects to a Special Master's Report and Recommendation. The Court overrules Respondent's objections and adopts the Report and Recommendation for reasons set forth below.

## I. Background

{¶2} Requester Daniel Graham has filed a Complaint in which he asserts:

Today, 1/20/2024, I received an email from Lake County Chief Asst. Prosecutor David Hackman, the email states that my request would not be honored as [CSEA] emails that concerned me are not public record. I requested all email correspondence from JFS worker Hazel to any other public official that concerned me (Daniel Graham).

(Complaint dated January 23, 2023.) Requester's Compliant is accompanied by supporting documentation, including a copy of an email of January 6, 2023, in which Requester states: "I am * * * requesting all emails concerning me, Daniel A. Graham, between Amanda Hazel and any other public official between 12/25/2022 and 1/6/2023."[1]

{¶3} The Court appointed a Special Master who referred the matter for mediation. Mediation failed to successfully resolve all disputed issues between the parties.

---

[1] Email dated January 6, 2023, between Requester and Cheryl Baibak. (Complaint.)

Respondent filed a combined filing labeled "Response and Motion To Dismiss," in which Respondent claims that Requester's Complaint fails to state a claim upon which relief may be granted. The Special Master ordered certain documents to be filed under seal.

{¶4} On April 11, 2023, the Special Master issued a Report and Recommendation (R&R). The Special Master recommends that Respondent be ordered to produce to Requester the records copied at pp. 21-25, Bates 18-22 of *Respondent's Sealed Submissions*, filed March 15, 2023, that Requester recover his filing fees and other costs of this case, and that Requester be denied the other relief he seeks. (R&R, 11.) The Report and Recommendation does not contain an express recommendation about Respondent's Motion To Dismiss.

{¶5} On April 19, 2023, Respondent filed written objections to the Report and Recommendation, which are accompanied by Respondent's counsel's certification attesting that the objections were served on Requester by "regular U.S. Mail, postage prepaid" and "email."[2] Respondent asks the Court to "grant its objections, modify or reject the Special Master's Report and Recommendation, and enter judgment in favor of Respondent."

{¶6} Requester has not filed a response to Respondent's written objections.

## II.     Law and Analysis

{¶7} Through the enactment of R.C. 2743.75, the General Assembly has created an alternative means to resolve public-records disputes. *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 11. *See* R.C. 2743.75(A). Under R.C. 2743.75(F)(1), a special master is required to submit to this Court a report and recommendation based on the ordinary application of statutory law and case law as they existed at the time of the filing of a complaint. Pursuant to R.C. 2743.75(F)(2) parties may file written objections to a report and recommendation and responses thereto. According to R.C. 2743.75(F)(2), this Court, within seven business

---

[2]     R.C. 2743.75(F)(2) requires an objecting party to "send[] a copy [of the objections] to the other party by certified mail, return receipt requested."

days after a response to the objection is filed, "shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶8} Under Ohio law, a requester "must establish entitlement to relief in an action filed in the Court of Claims under R.C. 2743.75 by clear and convincing evidence." *Viola v. Cuyahoga Cty. Prosecutor's Office*, 8th Dist. Cuyahoga No. 110315, 2021-Ohio-4210, ¶ 16, citing *Hurt v. Liberty Twp.*, 2017-Ohio-7820, 97 N.E.3d 1153, ¶ 27-30 (5th Dist.). *See Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 32. It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8.

{¶9} A public-records custodian has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, 886 N.E.2d 206, paragraph two of the syllabus. In *Jones-Kelley*, the Ohio Supreme Court held:

> Exceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian, and the custodian has the burden to establish the applicability of an exception. A custodian does not meet this burden if it has not proven that the requested records fall squarely within the exception. (*State ex rel. Carr v. Akron,* 112 Ohio St.3d 351, 2006-Ohio-6714, 859 N.E.2d 948, ¶ 30, followed.)

*Kelley* at paragraph two of the syllabus.

{¶10} Pursuant to R.C. 2743.75(F)(2), any objection to a report and recommendation "shall be specific and state with particularity all grounds for the objection." Respondent presents two objections for the Court's determination:

- **"FIRST OBJECTION - REQUESTER IS NOT ENTITLED TO THE BATES #S 18-22 EMAILS PURSUANT TO OAC 5101:12-1-20.1(C)(2)(a)(i)."**
- "**SECOND OBJECTION - BATES #s 18-22 EMAILS ARE NOT PUBLIC RECORDS.**"

{¶11} For ease of analysis, the Court shall consider Respondent's objections together and in a different order than that presented by Respondent.

{¶12} Respondent maintains in its second objection that "[d]etermination as to whether child support enforcement records may be disclosed is made pursuant to the laws relating to such records, not pursuant to a public records analysis" (Objections, 6), and that child support enforcement records "are not public records because state law requires that such records be kept confidential." (Objections, 6.) Respondent further maintains that that the Special Master erred because there "may be certain circumstances where a non-public record may be released does not mean that the non-public record becomes a public record." To support this proposition, Respondent cites to *Walsh v. Ohio Dept. of Health*, 2022-Ohio-272, 183 N.E.3d 1281 (10th Dist.). (Objections, 5.)

{¶13} First, contrary to Respondent's contention in the second objection, a "public-records analysis" applies in this instance because Requester has brought a complaint under R.C. 2743.75(D) in which Requester alleges a denial of access to public records. (Complaint, filed January 23, 2023.) *See* R.C. 2743.75(D). A "public-records analysis" requires this Court to consider state law or federal law. *See* R.C. 149.43(A)(1)(v). Under R.C. 149.43(1)(v), if a state or federal law prohibits the release of a public record, then such a public record may not be released and, for purposes of R.C. 149.43, it is not a public record. *See State ex rel. Frank v. Ohio State Univ.*, 161 Ohio St.3d 112, 2020-Ohio-3422, 161 N.E.3d 559, ¶ 8, quoting R.C. 149.43(A)(1)(v) ("[a] 'public record' does *not* include '[r]ecords the release of which is prohibited by state or federal law'" (emphasis sic)). Under Ohio law a properly promulgated regulation may constitute an exemption to the Ohio Public Records Act. *See State ex rel. Lindsay v. Dwyer*, 108 Ohio App.3d 462, 466, 670 N.E.2d 1375 (10th Dist.1996) ("agree[ing] that the information specifically excluded by Ohio Adm.Code 3307-1-03(A) falls within the authority allotted by the General Assembly to the board for nondisclosure of confidential material"); *State ex rel. Gallon & Takacs Co., L.P. v. Conrad*, 123 Ohio App.3d 554, 559, 704 N.E.2d 638 (10th Dist.1997).[3] *Accord* 2000 Ohio Atty.Gen.Ops. No. 2000-36, syllabus.

---

[3]    In *State ex rel. Gallon & Takacs Co., L.P. v. Conrad*, 123 Ohio App.3d 554, 559, 704 N.E.2d 638 (10th Dist.1997), the Tenth District Court of Appeals stated:

> [A]n administrative rule adopted pursuant to statutory authority has the force of law unless the rule is unreasonable or in clear conflict with statutes governing the same subject matter. *State ex rel. DeBoe v. Indus. Comm.* (1954), 161 Ohio St. 67, 117 N.E.2d 925 (paragraph one of the syllabus); *Doyle v. Ohio Bureau of Motor Vehicles* (1990), 51 Ohio St. 3d 46,

{¶14} Second, *Walsh* is factually distinguishable and, consequently, Respondent's reliance on *Walsh* is unpersuasive. *Walsh* addressed a public-records request to the Ohio Department of Health for a death registry. *See Walsh* at ¶ 2. Here, Requester seeks copies of records, including certain emails, from the Lake County Department of Job and Family Services/Child Support Enforcement Agency.

{¶15} Third, an email may constitute a public record. For purposes of R.C. Chapter 149, emails, which are created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office, generally are "records" for purposes of R.C. Chapter 149. *See* R.C. 149.011(G);[4] *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961 (examining a public office's obligations under R.C. 149.43 if e-mails that constitute public records are deleted in violation of a records-retention policy). In this instance, the disputed emails fall within the meaning of "records," as used in R.C. Chapter 149, because, as described by the Special Master, the disputed emails document the organization, functions, policies, decisions, and operations of Respondent. *See* R.C. 149.43(A)(1) (defining "public records").[5]

{¶16} The Court finds that Respondent's second objection is not well taken.

---

48, 554 N.E.2d 97; *Columbus and Southern Ohio Elec. Co. v. Indus. Comm.* (1992), 64 Ohio St. 3d 119, 592 N.E.2d 1367. However, only valid rules have the force of law, and the validity of any administrative rule must be determined by reference to the statutes governing the agency. It is axiomatic that an administrative agency has no existence or authority beyond the statutes and may exercise only powers that are clearly granted by the General Assembly. *State ex rel. Godfray v. McGinty* (1981), 66 Ohio St. 2d 113, 419 N.E.2d 1102.

[4]     As used in R.C. Chapter 149, the term "records" "includes any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in [R.C. 1306.01 of the Revised Code], created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." R.C. 149.011(G).

[5]     As used in R.C. Chapter 149, the term "public record" "means records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, and records pertaining to the delivery of educational services by an alternative school in this state kept by the nonprofit or for-profit entity operating the alternative school pursuant to [R.C. 3313.533]." R.C. 149.43(A)(1).

{¶17} In the first objection, Respondent disputes whether, under Ohio Adm.Code 5101:12-1-20.1(C)(2)(a)(i), Requester properly may be entitled to certain emails.  Here, the Special Master determined the records copied at pp. 21-25, Bates 18-22 of *Respondent's Sealed Submissions*, filed March 15, 2023, are accessible under Ohio Adm.Code 5101:12-1-20.1(C)(2)(a)(i). (R&R, 11.)  The Special Master reasoned:

> Subsection (C)(2)(a)(i) of [Ohio Adm.Code 5101:12-1-20.1] provides that information about a non-custodial parent can be released if it is "directly connected to *** the support enforcement program."
>
> The emails have those defining characteristics. Mr. Graham is apparently a non-custodial parent, otherwise he would not owe child support. The emails are about him; he requested "emails concerning me, Daniel A. Graham." The emails are directly related to the support program. As discussed in connection with their status as R.C. 149.011(G) records, they discuss what records of the program are public, other documents generated in the execution of the program, and the hierarchy of officials within the program. *Sealed Submission*, pp. 21-25, Bates 18-22. They are therefore accessible under Adm. Code 5101:12-1-20.1(C)(2)(a)(i).
>
> The Special Master recognizes that access to such documents could be limited if one or more of the conditions listed in Adm. Code 5101:12-1-20.1(C)(2)(c) could be shown. However, the County has neither argued nor offered evidence that those conditions apply, as was its burden. *Welsh-Huggins*, 163 Ohio St.3d 337, ¶¶ 27, 50, 54, 63. Because of that omission, this report and recommendation should not be taken as precedent about the scope of those conditions in other cases where those limitations are addressed.

(R&R, 10-11.)

> Respondent maintains, however, that the Special Master's interpretation would permit anyone to request and receive any child support enforcement records relating to a non- custodial parent. However, this interpretation ignores two important aspects of the exception to confidentiality provided for in OAC 5101:12-1-20.1(C)(2)(a)(i). First, the exception to the

confidentiality of child support enforcement records provided for in OAC 5101:12-1-20.1(C)(2)(a)(i) only permits disclosure of information that pertains to the support order and information that pertains to the non-custodial parent or the attorney of the non-custodial parent. Second, OAC 5101:12-1- 20.1(C)(2)(a)(i) only permits disclosure of this otherwise confidential information if the information is requested for a purpose related to the support enforcement program.

(Objections, 4.)

Rule 5101:12-1-20.1(C)(2) of the Ohio Administrative Code provides:

Request for information about a non-custodial parent or attorney of a non-custodial parent.

(a) *The CSEA* [Child Support Enforcement Agency]*, OCS* [Office of Child Support]*, or contractor may disclose information about a non-custodial parent or attorney of a non-custodial parent when the request is for a purpose directly connected to any of the following*:

(i) *The support enforcement program.*

(ii) Any investigation, criminal prosecution, or civil or administrative proceeding conducted in connection with the administration of the support enforcement program or food assistance, medicaid, OWF, Title IV-B, or Title IV-E programs.

(iii) A federal, state, or local audit.

(b) The following is the information that the CSEA, OCS, or contractor may disclose about a non-custodial parent or attorney of a non-custodial parent:

(i) Information that pertains to the support order; and

(ii) Information that pertains to the non-custodial parent or attorney of the non-custodial parent.

(c) *Restrictions on information disclosure*:

(i) Information about any person in the child support case other than the non-custodial parent or attorney of the non-custodial parent shall not be disclosed and must be redacted from any document that will be disclosed,

unless the non-custodial parent obtains written permission from the other person, in accordance with rule 5101:12-1-20 of the Administrative Code.

(ii) Information shall not be disclosed when the CSEA, OCS, or contractor has reasonable evidence of domestic violence or child abuse and the CSEA, OCS or contractor has determined that the disclosure of such information could be harmful to the representative of a child or child.

(iii) Information obtained from the state or federal PLS shall not be disclosed.

(iv) Information shall not be disclosed when the disclosure of such information would contravene the national policy or security interests of the United States or the confidentiality of census data.

(Emphasis added.)

{¶18} Here, Requester seeks copies of email correspondence between himself (who ostensibly is a non-custodial parent since Requester's wages were garnished) and certain staff of Respondent for a purpose that is directly connected to the support enforcement program. Moreover, in this instance, it does not appear that restrictions set forth in Ohio Adm.Code 5101:12-1-20(C)(2)(c)(i)-(iv) apply. The disclosure of such information, under these circumstances, is therefore permissible under Ohio Adm.Code 5101:12-1-20.1(C)(2)(2)(a)(i).

{¶19} Because Ohio Adm.Code 5101:12-0-20.1(C)(2)(a)(i) does not prohibit disclosure of the public records at issue, and since Respondent has not identified other law that may prohibit disclosure, the Court finds that Respondent's first objection is not well taken.

## III.    Conclusion

{¶20} The Court overrules Respondent's objections and adopts the Special Master's Report and Recommendation. Respondent has not objected to the lack of an express ruling by the Special Master on Respondent's Motion To Dismiss; the Court therefore renders no ruling on Respondent's Motion To Dismiss in the first instance. The Court ORDERS Respondent to produce to Requester the records copied at pp. 21-25,

Bates 18-22 of *Respondent's Sealed Submissions*, filed March 15, 2023.[6]  Requester is entitled to recover from Respondent the amount of the filing fee of twenty-five dollars and any other costs associated with the action that are incurred by the Requester, excepting attorney fees.  Court costs are assessed against Respondent.  The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed June 13, 2023**
**Sent to S.C. Reporter 7/7/23**

---

[6]      In footnote 1 of the Report and Recommendation, the Special Master states: "All references to specific pages of matters filed in this case are to pages of the PDF copies posted on the Court's online docket, rather than to any internal pagination of the filings. References to the records filed under seal also include citations to the Bates numbers added to those records."