[Cite as *Youngstown State Univ. v. State Emp. Relations Bd.*, 2016-Ohio-2649.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Youngstown State University, | : | |
| Appellant-Appellant, | : | |
| | : | No. 15AP-755 |
| Youngstown State University Association | : | (C.P.C. No. 14CVF10-10929) |
| of Classified Employees, OSE/NEA, | | No. 15AP-756 |
| | : | (C.P.C. No. 14CVF-10-10968) |
| Appellant-Appellee, | : | |
| | : | (REGULAR CALENDAR) |
| v. | | |
| | : | |
| State Employment Relations Board, | | |
| | : | |
| Appellee-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on April 21, 2016

**On Brief:** *Zashin & Rich Co., L.P.A., George S. Crisci* and *Drew C. Piersall,* for appellant Youngstown State University. **Argued:** George S. Crisci.

**On Brief:** *Green Haines Sgambati Co., L.P.A. Charles W. Oldfield* and *Stanley J. Okusewsky,* for appellee Youngstown State University Association of Classified Employees, OEA/NEA.

**On Brief:** *Michael DeWine,* Attorney General, and *Michael D. Allen,* for appellee State Employment Relations Board. **Argued:** Lisa M. Critser.

APPEALS from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Appellant, Youngstown State University ("YSU"), appeals the decision of the Franklin County Court of Common Pleas affirming two adjudication orders issued by the

State Employment Relations Board ("SERB"). Appellant, Youngstown State University Association of Classified Employees, OEA/NEA ("Union"), also filed briefs and, while they argue that SERB did make some mistakes, they ask this court to affirm the trial court's decision and therefore present no assignments of error. For the following reasons, we affirm the trial court's decision.

{¶ 2} YSU brings two assignments of error for our consideration:

[I.] The Trial Court erred when it ignored controlling case law and designated the employer's "mission" as the dispositive factor in its analysis of the "management-level employee" exception contained in O.R.C. § 4117.01(L).

[II.] The Trial Court erred when it ignored controlling case law and affirmed the decision of the State Employment Relations Board that only those employees whose duties "have a direct impact on the educational programs provided" satisfy the "management-level employee" exception contained in O.R.C. § 4117.01(L).

**Case History**

{¶ 3} On March 22, 2010, YSU filed a "Petition for Amendment of Certification" with SERB seeking to exclude the position of "Network Services Supervisor 2" and "Data Security Supervisor 1" from the collective bargaining unit represented by the Union. YSU asserts that the job duties of these two positions have evolved to the extent that the employees qualify as "supervisors" and "management level employees" pursuant to R.C. 4117.01(F) and 4117.01(L) respectively. The Union filed objections to YSU's petition.

{¶ 4} On June 22, 2012, YSU filed another petition for certification that sought to exclude the manager of employee benefits in YSU's human resources office and the "Administrative Assistant 4" in YSU's student accounts and university receivables department from the bargaining unit. The Union filed objections and SERB directed that both cases be heard together. Over January 23, 25, and 30, 2013, a hearing was conducted that addressed the certification of the four positions.

{¶ 5} The hearing officer issued two recommendation determinations which SERB adopted. SERB issued two adjudication orders on October 9, 2014. SERB found that all four positions qualify as "supervisors" pursuant to R.C. 4117.01(F) while only the

manager of employee benefits in the human resources office was found to be a "management level employee" pursuant to R.C. 4117.01(L).  This removed all four positions from the collective bargaining unit represented by the Union.

{¶ 6}  The Union appealed the decisions to the Franklin County Court of Common Pleas which consolidated the appeals pursuant to R.C. 119.12.  YSU filed a cross appeal, pursuant to R.C. 119.12 asserting that all four positions should have been determined to be management level employees, not just the manager of employee benefits.

{¶ 7}  The trial court stated that it did not find any legally significant reason to discredit the evidence relied upon by the hearing officer and SERB.  As a result, the court found that SERB's orders were supported by reliable, probative, and substantial evidence and were in accordance with the law.  The court therefore affirmed them both.  The trial court stated that both the Union and YSU wanted the trial court to substitute its judgment for that of the hearing officer and SERB.

{¶ 8}  YSU timely appealed the trial court's decision.  YSU, the Union, and SERB all filed briefs in this case, but only YSU submitted any assignments of error.  The Union and SERB asked that the trial court decision be affirmed.

{¶ 9}  Pursuant to App.R. 12(A)(1)(b), appellate courts must "[d]etermine [an] appeal on its merits on the assignments of error set forth in the briefs under App. R. 16." Thus, we must rule on the actual assignments of error, not upon mere arguments. *Thompson v. Thompson*, 196 Ohio App.3d 764, 2011-Ohio-6286, ¶ 65 (10th Dist.).  With only YSU presenting assignments of error, this court is only being asked to overrule the trial court and require SERB to classify certain positions as management level employees.

{¶ 10}  However, the relief prayed for by YSU to remove the four positions from the collective bargaining unit has already been achieved; the trial court affirmed the SERB decision that found the positions to be classified as "supervisors" under R.C. 4117.01(F). What YSU is essentially asking for is an advisory opinion to resolve an additional issue, that the positions also be classified as "management level employees" pursuant to R.C. 4117.01(L).  The issue before SERB as to membership in the bargaining unit is already resolved.

{¶ 11}  It is well-settled law that this court will not issue advisory opinions.  *State ex rel. White v. Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, ¶ 18, citing *State ex rel Baldzicki*

*v. Cuyahoga Cty. Bd. of Elections*, 90 Ohio St.3d 238, 242 (2000); *Egan v. Natl. Distillers & Chem. Corp.*, 25 Ohio St.3d 176 (1986), syllabus.

> It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies.

*Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970).

{¶ 12} YSU argues that if the duties of all four of the positions are not found to be management level in nature then the Union will argue that the work should remain within the bargaining unit. It is clear that YSU is asking for a ruling to resolve a speculative future conflict, and we will refrain from giving opinion on such an abstract proposition and avoid judgment on what amounts to only a potential future controversy.

{¶ 13} We will, however, examine whether SERB's initial decision and the trial court's affirmation was in accordance with the law as it relates to the two assignments of error brought by YSU. As noted earlier, this court rules on assignments of error only and will not address mere arguments unconnected to an assignment of error. Ellinger v. Ho, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70; *see In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5-6 (refusing to address any "contentions in the argument section of the brief that do not plainly fall under one of the listed assignments of error"). "This is procedurally necessary, as we are permitted to sustain or overrule only assignments of error and not mere arguments." *In re Estate of Taris*, at ¶ 5; *see* App.R. 12(A)(2).

### Standard of Review

{¶ 14} Pursuant to R.C. 119.12, a reviewing trial court must affirm the order of an administrative agency if it is supported by reliable, probative, and substantial evidence and is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 111 (1980). "Reliable" evidence is dependable; that is, it can be confidently trusted. In order

to be reliable, there must be a reasonable probability that the evidence is true. "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. "Substantial" evidence is evidence with some weight; it must have importance and value. *Our Place v. Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 15} In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a common pleas court reviewing the same order. It is incumbent on the common pleas court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the common pleas court has abused its discretion. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 16} As to questions of law, "this court must make its own independent determination of the law to be applied to the facts found by the agency and held by the common pleas court to be supported by reliable, probative and substantial evidence." *Franklin Cty. Bd. of Commrs. v. State Employment Relations Bd.*, 92 Ohio App.3d 585, 588 (10th Dist.1993). In reviewing the decision of an administrative agency, considerable deference should be accorded to an agency's interpretation of rules the agency is required to administer. *State ex rel. Celebrezze v. Natl. Lime & Stone Co.*, 68 Ohio St.3d 377, 382 (1994).

**SERB's Interpretation of R.C. Chapter 4117 and Application of Facts**

{¶ 17} This appeal turns on SERB's interpretation of both R.C. 4117.01(F) and 4117.01(L), and how SERB applied those interpretations to four YSU employees. The definitions in R.C. 4117.01 states in part:

> (F) "Supervisor" means any individual who has authority, in the interest of the public employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other public employees; to responsibly direct them; to adjust their grievances; or to effectively recommend such action, if the exercise of that authority is not of a merely

routine or clerical nature, but requires the use of independent judgment.

* * *

(L)  "Management level employee" means an individual who formulates policy on behalf of the public employer, who responsibly directs the implementation of policy, or who may reasonably be required on behalf of the public employer to assist in the preparation for the conduct of collective negotiations, administer collectively negotiated agreements, or have a major role in personnel administration.

{¶ 18} The Ohio General Assembly clearly intended to vest SERB with broad authority to administer and enforce R.C. Chapter 4117. *Lorain* at 260. "This authority must necessarily include the power to interpret the Act to achieve its purposes. Accordingly, due deference must be afforded SERB's determination[s]." *Id.*

The General Assembly has entrusted SERB with the responsibility of administering [R.C. 4117], and has bestowed upon it the special function of applying the statute's provisions to the complexities of Ohio's industrial life. In so doing, it has delegated to SERB the authority to make certain policy decisions. Our review is limited to whether SERB's policy is unreasonable or in conflict with the explicit language of R.C. Chapter 4117.

*State Emp. Relations Bd. v. Miami Univ.*, 71 Ohio St.3d 351, 353 (1994). Therefore, since this appeal focuses on the interpretation and application of R.C. 4117.01, we give due deference to SERB's policy and limit our review to its reasonableness in order to ensure it does not conflict with the explicit language of the Ohio Revised Code.

### SERB did not Make the Employer's Mission or Direct Impact on Education Programs the Dispositive Factor in Determining the Exception

{¶ 19} The first assignment of error argues that the trial court ignored controlling case law and designated the employer's mission as the dispositive factor in its analysis of the management-level employee exception when it affirmed SERB's decisions. The second assignment of error argues that the trial court ignored controlling case law and

erred in finding that only those employees whose duties have a direct impact on the educational programs provided satisfy the management-level employee exception.

{¶ 20} YSU's argument that the hearing officer's recommended determination makes the employer's mission dispositive in the analysis of management-level employees is without merit. The hearing officer, based on prior case law and SERB precedent, stated that the SERB "must consider an employer's mission and its organizational structure in order to ascertain the scope and nature of the policy formulation or policy implantation attributed to a particular employee". (Hearing Officer Recommended Determination, at 15.) The hearing officer cites a previous SERB decision to inform it as to how its analysis of what is policy formulation and what is the direction of implementation of policy: "(1) the nature of the policy and formulating process for the policy; (2) whether the policy significantly affects the mission of the employer; (3) whether the policy, by its nature, identifies its author as a member of the management team; and (4) whether the policy in question has an employer-wide application." (Hearing Officer Recommended Determination, at 14.)

{¶ 21} It is clear that the hearing officer only used the mission statement, which it found to be the very broad "to provide high level educational opportunities to its students through programs established in its various colleges," as one factor in determining what amounts to policy formation and policy implementation. (Hearing Officer Recommended Determination, at 15.)

{¶ 22} Further the hearing officer offers an example of a policy that would effect the mission of YSU, "the types of policies that would affect YSU's mission would be those that have a direct impact on the educational programs provided, such as a policy to add another two-year degree program, or a policy that changes requirements of an existing program, or a policy that merges colleges." (Hearing Officer Recommended Determination, at 15.) The hearing officer and SERB in its affirmation are not limiting what constitutes a policy to simply the employer's mission or whether those policies have a direct impact on that mission. As cited by the hearing officer and applied in previous SERB decisions, whether the policy significantly affects the mission of the employer, is simply one factor to consider and not the dispositive factor.

{¶ 23} We give due deference to SERB's determination in defining what is a significant policy for the R.C. 4117.01(L) exception, and do not find it unreasonable that the mission statement of an employer can be used as a factor to help determine the scope and nature of policy formulation or policy implementation attributable to a particular employee.  SERB did not place an over-reliance on the mission of YSU in its determinations.  SERB was not limited to only considering policies and duties that had a direct impact on programs provided.  SERB's decision is in accordance with the law.

{¶ 24}  The first and second assignments of error are overruled.

{¶ 25}  The decision of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN, J., concurs.
LUPER SCHUSTER, J., dissents.

LUPER SCHUSTER, J., dissenting.

{¶ 1}   I respectfully dissent because I believe we should dismiss the appeal rather than address the assignments of error presented.  I agree with the majority that "the relief prayed for by YSU to remove the four positions from the collective bargaining unit has already been achieved;" and "the issue before SERB as to membership in the bargaining unit is already resolved."  (Majority Decision, ¶ 10.)  However, in my view, these facts require us to dismiss the appeal because any decision would only be advisory.  *See, e.g.*, *Cincinnati Gas & Elec. Co. v. Pub. Util. Comm.*, 103 Ohio St.3d 398, 2004-Ohio-5466, ¶ 17 (dismissing appeal where "[i]n the absence of the possibility of an effective remedy, [the] appeal constitute[d] only a request for an advisory ruling from the court").

{¶ 2}   This matter began with YSU seeking to exclude four positions from the collective bargaining unit.  SERB granted the request, finding that the employees in all four positions qualify as "supervisors" pursuant to R.C. 4117.01(F), and that one was also a "management level employee" pursuant to R.C. 4117.01(L).  YSU's assignments of error only challenge SERB's determination that three of the YSU positions do not fall within the management level exception.  In this appeal, no party is challenging SERB's decision excluding all four positions from the collective bargaining unit.  Rather, YSU seeks an advisory opinion related to whether three of the employees should also be classified as

"management level employees."   Such an advisory opinion would have no direct or immediate impact on the parties.  Therefore, this appeal should be dismissed.

_____