**[Cite as *Isreal v. Franklin Cty. Commrs.*, 2021-Ohio-3824.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Michael Isreal,

          Requester-Appellant,

                           :

v.

Franklin County Commissioners et al.,

          Respondents-Appellees.

|  |  |
|---|---|
| : | No. 20AP-51 |
| : | (Ct. of Cl. No. 2019-548PQ) |
| : | (REGULAR CALENDAR) |
| : | |
| : | |

D E C I S I O N

Rendered on October 28, 2021

**On brief:** *Michael Isreal*, pro se. **Argued:** *Michael Isreal*.

**On brief:** [*G. Gary Tyack*], Prosecuting Attorney, and *Nick A. Soulas, Jr.,* for appellees. **Argued:** *Thomas Ellis*.

APPEAL from the Court of Claims of Ohio

BEATTY BLUNT, J.

{¶ 1} Requester-appellant, Michael Isreal ("appellant"), acting pro se, appeals the judgment of the Court of Claims of Ohio overruling appellant's objections to the special master's report and recommendation and adopting the report and recommendation of the special master granting the motion of respondents-appellees Franklin County Commissioners, Kevin Boyce, Marilyn Brown, and John O'Grady ("appellees") to dismiss appellant's complaint as being moot. Appellant has also filed a motion titled "Motion for the Appeal Court Judges to Consider and Decide" ("Motion to Consider"), which we address below. For the following reasons, we affirm the judgment of the Court of Claims.

{¶ 2} On April 24, 2019, appellant filed a complaint pursuant to R.C. 2743.75 against appellees, asserting he was denied access to public records in violation of R.C. 149.43(B). According to the complaint, on July 16, 2018, appellant was involved in an elevator malfunction incident which resulted in appellant and other passengers in "elevator No. 8" of the Franklin County Courthouse Complex becoming entrapped in the elevator car for approximately three hours and allegedly causing injury to appellant's spine. *Id.* at 2. Appellant's complaint seeks to enforce a public records request made on December 28, 2018 to appellees whereby appellant sought the following:

1. Provide the reported malfunctions and people being trapped in elevator (8) in 2018.

2. Provide the dates and time the fire department was called for elevator malfunctions of elevator (8) in 2018.

3. Provide the dates and times the maintenance employees were called for elevator malfunctions in elevator (8) in 2018.

4. Provide the dates and times maintenance employees opened doors for trapped citizens in 2018.

5. Provide the maintenance records for elevator (8) in 2018.

*Id.* at 4-5; 8.

{¶ 3} Pursuant to R.C. 2743.75(D)(2), a special master was assigned to the case. (Dec. 17, 2019 Decision & Entry at 1.) The court, through the special master, immediately referred the case to mediation pursuant to R.C. 2743.75(E)(1). *Id.* The mediation was unsuccessful, and on August 20, 2019 appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6) in which they argued appellant's claim was moot. (Aug. 20, 2019 Mot. to Dismiss.)

{¶ 4} On October 17, 2019, the special master issued his Report and Recommendation ("R & R") that the court deny appellant's claim for production of records as moot; the court deny the claim that the responsive records were provided untimely; and court costs be assessed against appellant. (R & R at 5.) More specifically, the special master found that all but two pages of documents responsive to appellant's initial requests were timely provided; that the two pages produced during the pendency of the litigation were

not initially provided due to an apparent ambiguity present in request number four; and that even if there were no ambiguity present in request number four, any delay in producing the two additional pages was a de minimus error in light of the fact that the bulk of the responsive documents were timely provided. *Id.* at 4-5.

{¶ 5} On November 19, 2019, with leave of court, appellant filed a document titled "Memorandum Contra Motion To Special Master Jeffery W. Clark Report and Recommendation filed on October 17, 2019," which the trial court construed to be objections. (Dec. 17, 2019 Decision & Entry at 1-2; Nov. 19, 2019 Memo Contra/Objs.) On November 21, 2019, appellant filed a document titled "Motion Supplement-Put In Order Pro Se Requester Michael Isreal's November 19, 2019 Memorandum Contra Motion to Special Master Jeffery W. Clark Report and Recommendation filed on October 17, 2019 To Include The Attached Left-Out Exhibits."

{¶ 6} Thereafter, on December 17, 2019, the trial court issued its decision and entry overruling the objections, denying appellant's motion filed November 21, 2019 and adopting the special master's R & R. (Dec. 17, 2019 Decision & Entry.) In overruling the objections, the court first determined that four of the five requests submitted by appellant to appellees were requests for information rather than specifically identified records that would require production under the Ohio Public Records Act. *Id.* at 3. The court further found appellant's attempt to supplement his November 19, 2019 objections with various exhibits via his November 21, 2019 "motion supplement" was, in essence, impermissible. *Id.* at 5. The trial court rendered judgment in favor of appellees and assessed costs against appellant. *Id.* at 6.

{¶ 7} Appellant now appeals from the trial court's judgment. Before we address the merits of the appeal, however, we will address appellant's Motion to Consider. In his motion, appellant asks this court to consider and decide four discrete issues in addition to the pending appeal. All four of these issues appear to concern previous litigation in which appellant has been involved in either the Franklin County Court of Common Pleas and/or this court. With regard to the first issue, it appears appellant is asking us to consider—or rather, reconsider—whether the trial court's entry of dismissal without prejudice that was at issue in *Isreal v. G-Core Automotive Corp.*, 10th Dist. No. 13AP-201, 2013-Ohio-4461, is

a final, appealable order.[1]  This court has already answered that question in our previous decision, which speaks for itself, and we will not revisit the issue now.

{¶ 8}    Furthermore, we find that the remaining three issues presented by appellant in his motion amount to abstract and/or hypothetical legal questions which would require this court to render advisory opinions.  "It is well-settled law that this court will not issue advisory opinions."  *Youngstown State Univ. v. State Emp. Relations. Bd.*, 10th Dist. No. 15AP-755, 2016-Ohio-2649, ¶ 11, citing *State ex rel. White v. Koch*, 96 Ohio St.3d 395, 2002-Ohio-4848, ¶ 18, citing *State ex rel. Baldzicki v. Cuyahoga Cty. Bd. of Elections*, 90 Ohio St.3d 238, 242 (2000); *Egan v. Natl. Distillers & Chem. Corp.*, 25 Ohio St.3d 176 (1986), syllabus.  Therefore, we decline to consider (or reconsider) and decide the issues set forth in appellant's motion.

{¶ 9}    Turning to the merits of appellant's appeal, we begin by noting that appellant elected to proceed pro se both in bringing this action and on appeal. It is well-settled that litigants who choose to proceed pro se "are presumed to have knowledge of the law and legal procedures and are held to the same standard as litigants who are represented by counsel." *Rizzo-Lortz v. Erie Ins. Group.,* 10th Dist. No. 17AP-623, 2019-Ohio-2133, ¶ 18, citing *In re Application of Black Fork Wind Energy, LLC,* 138 Ohio St.3d 43, 2013-Ohio-5478, ¶ 22. "A litigant proceeding pro se can neither expect nor demand special treatment." *Id.,* citing *Suon v. Mong,* 10th Dist. No. 17AP-879, 2018-Ohio-4187, ¶ 26.   "In civil cases, the same rules, procedures and standards apply to one who appears pro se as apply to those litigants who are represented by counsel." *Fields v. Stange*, 10th Dist. No. 03AP-48, 2004-Ohio-1134, ¶ 7, citing *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10.

{¶ 10}   In the present case, we observe that appellant's brief is deficient in that it fails to identify any assignments of error. Pursuant to App.R. 16(A)(3), an appellant's brief must contain "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." Assignments of error are particularly important because appellate courts determine each appeal "on its merits on the assignments of error set forth in the briefs under App.R. 16." App.R. 12(A)(1)(b). " 'This

---

[1] Although not entirely clear, we construe the first issue presented thus based on appellant's hand-written note in the margin next to issue one referencing "p. 1-4," which pages constitute a copy of our decision in *Isreal*, 2013-Ohio-4461.

court rules on assignments of error, not mere arguments.' " *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, quoting App.R. 12(A)(1)(b); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28 (holding appellate courts "rule on assignments of error only, and will not address mere arguments"). Consequently, without assignments of error, an appellate court has nothing to review. *Luke v. Roubanes*, 10th Dist. No. 16AP-766, 2018-Ohio-1065, ¶ 16. Because appellant has failed to set forth any assignments of error for this court's review, it is not necessary for this court to address appellant's arguments in order to affirm the trial court's judgment. *State v. Botts*, 10th Dist. No. 12AP-822, 2013-Ohio-4051, ¶ 9. We proceed with our review of the trial court's judgment accordingly.

{¶ 11} As discussed above, appellant's action in the trial court was premised on a dispute concerning a public records request, brought pursuant to R.C. 2743.75. Ohio's Public Records Act provides that, upon request, a public office "shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Whether a public office has provided records within a "reasonable period of time" depends upon all the pertinent facts and circumstances of the case. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, ¶ 12, citing *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, ¶ 10. The requester bears the burden of demonstrating that a public office's response to a public records request was unreasonably delayed. *Id.*, citing *State ex rel. Dispatch Printing Co. v. Johnson*, 106 Ohio St.3d 160, 2005-Ohio-4384, ¶ 44.

{¶ 12} R.C. 2743.75 provides a statutory procedure as an alternative to a mandamus action to resolve disputes over public records requests and states, in pertinent part:

> In order to provide for an expeditious and economical procedure that attempts to resolve disputes alleging a denial of access to public records in violation of division (B) of section 149.43 of the Revised Code, except for a court that hears a mandamus action pursuant to that section, the court of claims shall be the sole and exclusive authority in this state that adjudicates or resolves complaints based on alleged violations of that section. The clerk of the court of claims shall designate one or more current employees or hire one or more individuals to serve as special masters to hear complaints brought under this section. All special masters shall have been engaged in the practice of law in this state for at least four years and be in good

standing with the supreme court at the time of designation or hiring. The clerk may assign administrative and clerical work associated with complaints brought under this section to current employees or may hire such additional employees as may be necessary to perform such work.

R.C. 2743.75(A). Thus, the Court of Claims retains sole jurisdiction over claims for violation of Ohio's Public Records Act brought specifically pursuant to R.C. 2743.75, and these claims are initially administered by persons designated as special masters, as occurred in the instant matter.

{¶ 13} At the heart of this case is appellant's assertion that, in essence, the documents provided by appellees in response to appellant's request on December 28, 2018 were not provided within a reasonable period of time as required by R.C. 149.43(B)(1) set forth above. Indeed, he alleges in his complaint that he had to initiate "follow-up" inquiries for his requests on February 22 27, 2019. (Compl. at 2, 4-6.) Yet, as the special master pointed out and as the trial court found, the record shows the parties agree that appellees provided appellant with 17 pages of documents responsive to the requests on February 8, 2019, well before any of appellant's follow-up inquiries. (Aug. 20, 2019 Mot. to Dismiss, Alexander Aff. at ¶ 4, first 17 pages of attachments; Aug. 6, 2019 Mot. to Compel at 3.) The record further reflects that during the pendency of the litigation in mediation,[2] appellees provided two additional pages of documents that appellant appeared to concede completed the production of records responsive to his request. (Aug. 20, 2019 Mot. to Dismiss, Alexander Aff. at ¶ 5, last two pages of attachments; Sept. 27, 2019 Reply at 2.)

{¶ 14} Thus, other than the two pages of documents provided during the course of mediation, all of the records appellant requested were provided within thirty business days of the original request. We agree with the finding of the special master, as adopted by the trial court, that "[w]hile 30 business days may stretch the outer limits of the 'reasonable period of time' in which to produce copies of reasonably identified records, * * * under the facts and circumstances in this case * * * [appellant] has not shown by clear and convincing evidence that [appellees] violated the timeliness requirement of R.C. 149.43(B)(1) with

---

[2] The delay in production was apparently due to the ambiguity of Request No. 4 which, in the context of the other four requests which all concerned elevator (8) specifically, was originally interpreted by the public officer providing the records as referring only to elevator (8), when in fact appellant meant this request to encompass records pertaining to *all* of the elevators, not just elevator (8).

respect to these records." (Oct. 17, 2019 R & R at 4, citing *State ex rel. Shaughnessy v. Cleveland*, 149 Ohio St.3d 612, 2016-Ohio-8447, ¶ 21-22.) We further agree that the delayed production of the two pages discussed above "in response to an arguably ambiguous request that was initially answered as to the elevator listed in the rest of [appellant's] requests does not warrant the assessment of costs against respondent." *Id.* at 5.

{¶ 15} In short, the trial court rightly agreed with the special master that appellant's complaint should be dismissed on the grounds that it was moot. Under the facts and circumstances of this case, appellant was provided the records he requested within a reasonable period of time. Furthermore, he is not entitled to costs in this case. Accordingly, the judgment of the Court of Claims of Ohio overruling the objections of appellant and adopting the R & R of the special master is affirmed.

*Judgment affirmed.*

DORRIAN, P.J., and MENTEL, J., concur.

_____