[Cite as *Brown-Austin v. S. Ohio Corr. Facility*, 2025-Ohio-5274.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| YUSUF Y. BROWN-AUSTIN | Case No. 2025-00781PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| SOUTHERN OHIO CORRECTIONAL FACILITY | |
| Respondent | |

{¶1} This case is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court (1) order the respondent to produce copies of the records responsive to the second component of requester's July 7 records request subject only to the redactions listed in the appendix to this report and recommendation; (2) order respondent to produce the records responsive to requester's July 24 records request subject to redactions supported by law; (3) order respondent to pay requester's filing fee; (4) order respondent to pay the balance of the costs of this case; and (5) deny all other relief.

**I. Background**.

{¶2} Requester Yusuf Brown-Austin is an inmate housed at the respondent Southern Ohio Correctional Facility ("SOCF"). On June 30, 2025, he made an electronic public records request for emails concerning him between two officials sent from January 2023 through July 2025. *Complaint*, filed September 2, 2025; *Requester's Reply to Respondent's Answer to Requester's Complaint* ("*Reply*"), filed October 20, 2025, p. 5.[1]

{¶3} On July 7, 2025 requester made a paper public records request that had three components. The first component sought 13 specific documents. The second component asked for all emails mentioned in the June 30 request from January 1, 2025 through the

---

[1] All references to specific pages of requester's filings are to the pages of the PDF copies posted on the court's docket. All references to respondent's filings are to the Bates numbers of those pages.

date of the request. The third component requested information about security reviews of inmates conducted in March, April, May, June, and July of 2025. SOCF provided unredacted records responsive to the first component on July 30, redacted records responsive to the second component on July 30 and August 13 of 2025, and objected to the third component of the request on July 30, 2025. *Respondent's Submission Of Evidence In Compliance With Order Bypassing Mediation B(4)*, filed October 2, 2025, ("*Respondent's Evidence*"), SOCF (B)(4) 004, ¶ 4, SOCF (B)(4) 009.

{¶4} On July 24, 2025, requester made an electronic public records request for records related to the security reviews inquired of in the third prong of his July 7 record request. SOCF objected to this request and has provided no records in response to it. *Complaint*, pp. 2, 7; *Respondent's Answer to Requester's Complaint*, filed October 9, 2025, ("*Answer*") ¶ 2; *Respondent's Memorandum In Opposition To Requester's Motion For Sanctions And Notice Of Non-Compliance*, filed October 21, 2025, p. SOCF Opp. 003.

{¶5} Requester filed this case to compel the production of additional records, to challenge the redactions to the records already produced, to obtain a declaration that SOCF unreasonably delayed its response to his requests, and to recover R.C. 149.43(C) delay damages. Mediation was bypassed and a schedule was set for the parties to file evidence and memoranda supporting their positions. That schedule has run its course, making the case ripe for decision. *Order Bypassing Mediation*, entered September 5, 2025; *Order*, entered September 17, 2025; *Order*, entered November 7, 2025.

**Analysis**.

    **A. June 30 request**.

{¶6} A public records request is superseded by a subsequent request that modifies the original request. *Schaffer v. Ohio State Univ*., 2024-Ohio-2185, ¶ 56, adopted 2024-Ohio-2625 (Ct. of Cl.); *Ryan v. City of Ashtabula*, 2023-Ohio-621, ¶ 12, adopted 2023-Ohio-1487 (Ct. of Cl.); *Little Turtle Civic Assoc. v. City of Columbus*, 2021-Ohio-4439, ¶ 12, adopted 2021-Ohio-4655 (Ct. of Cl.). The June 30 request sought "any and all e-mail exchanges between UMC Oppy and Case Manager Rush and Warden Davis that mention my name from January 1, 2023 until July 1, 2025 to each other and/or others." *Reply*, p. 5. The July 7 request sought the same emails, but modified the June 30 request by seeking records generated during a shorter period of time, from January 2025 rather than January 2023. *Respondent's Evidence*, SOCF (B)(4) 004, ¶ 4, SOCF (B)(4) 009. The July 7 request therefore superseded the June 30 request, making the June 30 request moot.

{¶7} That is not changed by requester's assertion that the July 7 request was simply a means to forward a cash slip to cover the costs of copying the records requested on June 30. The fact remains that the July 7 request clearly limited the temporal scope of requester's request for emails, regardless of requester's reason for submitting the request. SOCF reasonably relied on that limitation.

{¶8} I therefore recommend that the court grant no relief based on the June 30 request.

    **B. The July 7 request**.

      **1. First Component**.

{¶9} *Production claim*. "In general, the provision of requested records to a [requester] in a public-records . . . case renders the . . . claim moot." *State ex rel. Cincinnati Enquirer v. Dupuis,* 2002-Ohio-7041, ¶ 8. A public records case can be mooted by the respondent producing the responsive records during the course of the litigation. *State ex rel. Striker v. Smith*, 2011-Ohio-2878, ¶¶ 17-18, 22.

{¶10} This component of the July 7 request sought 13 specifically identified kites and grievance documents. A review of *Respondent's Evidence* reveals that the documents were served when they were filed with the court. Requester's claim for

production of these documents is consequently moot. *Respondent's Evidence*, pp. SOCF B(4) 05 ¶ 5; 06 ¶ 9, 012-54, 087-136.

{¶11} *Delay Claim*. Respondent has produced unrebutted affidavit testimony that it received this request on July 9, 2025, and provided the responsive records on July 30, 2025. *Id*. pp. SOCF B(4) 04 ¶ 4, 05 ¶ 5. That is a response time of 15 business days. Requester has provided no evidence or argument as to why that was an unreasonable response time, as was his burden. See *State ex rel. Howson v. Edmonson*, 2024-Ohio-4619, ¶ 18 (requester has burden of proving delay claim); *Isreal v. Franklin Cty. Commr's*, 2021-Ohio-3824, ¶ 14 (10th Dist.) (finding that a 30 business day response time was reasonable).

{¶12} I therefore recommend that the court grant no relief on this component of the July 7 request.

### 2. Second component.

{¶13} *Production*. A party invoking R.C. 2743.75 must "prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian *did not make the record available*." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 33 (emphasis added). SOCF has provided affidavit testimony that it provided responsive records in two installments. *Respondent's Evidence,* pp*.* SOCF B(4) 05 ¶ 5; 06 ¶ 9, 012-54, 087-136.

{¶14} Although requester has disputed the dates that the records were made available, he has not disputed that he received all responsive records, albeit subject to redactions. He has therefore failed to meet his burden of proving that SOCF "did not make the record[s] available," except as to the redactions.

{¶15} *Redactions*. If a redaction is based on an exemption from public record status the public office must prove the propriety of applying the exemption. A public office asserting an exemption must "prove facts clearly establishing the applicability of the exemption." *Welsh-Huggins*, 2020-Ohio-5371, ¶ 27 (internal punctuation omitted). See also, *Id*. at ¶¶ 35, 54. It "does not meet this burden if it has not proven that the requested records fall squarely within the exception," and the courts "resolve any doubt in favor of disclosure." *Id*. at ¶¶ 27, 63. See also *id*. at ¶¶ 50, 63. The public office must produce extrinsic evidence if the applicability of the exemption is "not obviously apparent and

manifest just from the content of the record itself[.]" *Id*. at ¶ 35. See also *id*. at ¶¶ 30, 50, 53. "Unsupported conclusory statements in an affidavit are insufficient." *Id*. at ¶ 35.

{¶16} SOCF advances three bases for the reactions it made to the records responsive to this component. Only one is valid.

{¶17} R.C. 149.433. The first is that the redacted materials are security records within the meaning of R.C.149.433. Subsection (A) of that statute defines security records as records that are "*directly used* for protecting or maintaining the security of a public office against attack, interference, or sabotage;" to address terrorism, or that are "emergency management plan[s] adopted pursuant to section 5502.262 of the Revised Code." (emphasis added). SOCF has provided no evidence or argument that the redacted materials pertain to terrorism or are part of an emergency management plan, and the fact that the redacted materials fit within those categories is not obvious and apparent from the materials themselves.

{¶18} That leaves only the "attack, interference, or sabotage" alternative. That requires proof of how the respondent "directly used" the information to prevent those harms; proof that the materials' release might result in those harms is not enough absent proof of the respondent actually using the materials to prevent them. *Welsh-Huggins*, 2020-Ohio-5371, ¶¶ 57, 58, 65. "Under R.C. 149.433(A)(1), a record's status as a security record is determined by the public office's actual use of the information. It is not determined by a public requester's potential use or misuse of the information." *Id*. at ¶ 69. "The General Assembly has not crafted an exception to the release of a record based on the custodian's subjective view that the information that the record contains could be dangerous if placed in the wrong hands." *Id*. at ¶ 69. Although SOCF provided affidavit testimony that release of the information redacted on this basis might lead to undesirable results, it has provided nothing showing that it used that information to prevent those results. It has therefore failed to meet its burden of proving R.C. 149.443's applicability.

{¶19} R.C. 5120.21(D). This statute identifies seven specific categories of records that are exempted public record status. The fact that any of the redacted materials might fall within one of these categories is not obvious and apparent from the redacted records and SOCF has provided no evidence or explanation as to why they do. SOCF has therefore failed to prove this statute's applicability.

{¶20} <u>Adm. Code. 5120-9-31(H)</u>. R.C. 149.43(A)(1)(v) exempts records "the release of which is prohibited by state or federal law" from the class of public records. Administrative regulations are "law[s]" that can prohibit a record's release within the meaning of R.C. 149.43(A)(1)(v). *Graham v. Lake Cty. JFS/CSEA*, 2023-Ohio-2321, ¶ 13, aff'd 2023-Ohio-4366 (11th Dist.). Adm. Code. 5120-9-31(H) provides that "[g]rievance records are considered confidential" and controlling precedent establishes that similar language prohibits the release of a record within the meaning of R.C. 149.43(A)(1)(v)'s identical predecessors. *State ex rel. Taxpayers Coalition v. City of Lakewood*, 86 Ohio St.3d 385, 390 (1999); *State ex rel. Renfro v. Cuyahoga Cty. Dept. of Human Servs*., 54 Ohio St.3d 25, 27 (1990). Redactions that obscure grievance related records are therefore proper.

{¶21} The fact that the materials redacted in *Respondent's Submission Of Records In Compliance With Order Bypassing Mediation*, filed October 2, 2025, ("*Responsive Records*") at pp. SOCF (B)(1) 09, 015, 017, 018, 020, and 021 are such records is obvious and apparent from the records themselves. Those redactions are proper. That is not true, however, of the redactions *to Responsive Records*, pp. SOCF(B)(1) 010, 011, 012, 014, 023, and 024. The materials redacted from those records are from "kites," and kites are not grievance records. They are not among the steps of the grievance process set out in Adm. Code 5120-9-31, but instead are means of communication that convey information beyond grievance related matters. *Compare* Adm. Code. 5120-9-31(I) with ODRC Policy 50-PAM-02(VI)(E).

{¶22} I therefore recommend that the court order SOCF to produce copies of the records previously produced without any redactions other than those made to *Responsive Records*, pp. SOCF (B)(1) 09, 014, 015, 017, 018, 020, and 021.

{¶23} *Delay*. R.C. 149.43(B)(1) mandates that upon request, "all public records responsive to the request shall be promptly . . . made available for inspection to the requester at all reasonable times during regular business hours." It further requires that when requested, the "public office . . . shall make copies . . . available . . . within a reasonable period of time." An office's compliance with those requirements is evaluated based on the facts and circumstances of the request. *State ex rel. Morgan v. Strickland*,

2009-Ohio-19015, ¶ 10; *State ex rel. Kesterson v. Kent State Univ*., 2018-Ohio-5108, ¶ 16.

{¶24} SOCF has provided affidavit testimony that it received this request on July 7, 2025, and that it provided the responsive records to requester in two installments. It produced some records on July 30, and proffered the balance of the responsive records on August 13, subject to requester paying for their copying. *Respondent's Evidence*, pp. SOCF (B)(4) 04 ¶ 4; 05 ¶ 6, 06 ¶¶ 8, 9. The period from July 7 to August 13 was 25 working days.

{¶25} There are four reasons why that was a reasonable response time. First, other cases have found that similar response times are reasonable. *Isreal*, 2021-Ohio-3824, ¶ 14. While that factor is not dispositive, it undercuts requester's delay claim. Second, the records had to be retrieved from offsite. *Respondent's Evidence*, p. 06 ¶ 9. Third, the records had to be reviewed for redactions. That justifies some lag between the request and production. Fourth, SOCF produced some records on July 30. This also undermines requester's delay claim.

{¶26} On balance, those facts indicate that SOCF's 25 day response time was reasonable. While that period "may stretch the outer limits of the 'reasonable period of time' in which to produce copies of reasonably identified records, . . . under the facts and circumstances in this case . . . [this requester] has not shown by clear and convincing evidence that [SOCF] violated the timeliness requirement of R.C. 149.43(B)(1) with respect to these records." *Isreal*, 2021-Ohio-3824, ¶ 14.

{¶27} That is not changed by requester's assertion that he did not actually receive the second installment of records until October because requester has not proven the factual basis for that assertion. Although requester's unsworn memoranda make that assertion, those unsworn memoranda are not evidence. *Meadows v. Freedom Banc, Inc.*, 2005-Ohio-1446, ¶ 20 (10th Dist.). Further, the document he asserts proves that fact actually refers to a different records request. Compare *Respondent's Evidence*, p. SOCF B(4) 09 with *Requester's Motion to Attach Supplemental Exhibit*, filed October 23, 2025, p. 3. Consequently, the only evidence we have as to the date that SOCF made the second installment of the records available is SOCF's affidavit testimony fixing that date as August 13. That was a reasonable response time, as previously explained.

{¶28} I therefore recommend that the court reject requester's delay claim regarding this component of the July 7 request.

### 3. Third Component.

{¶29} This component requested a "complete list of inmates who received a level E security review by name, inmate No., date of review, time of review, and unit/cell location at time of review, for March 2025, April 2025, May 2025, June 2025, and July 2025." *Respondent's Evidence*, p. SOCF (B)(4) 009. No relief is available regarding that request because it sought information rather than records.

{¶30} R.C. 149.43(B)(1) codifies a right to records that capture information, but not to information apart from records. It nowhere mentions information in the abstract. It instead provides that upon "request . . . *public records* responsive to the request shall be . . . made available[.]" (emphasis added). A "public record" consists of a "record," and a "record" is something that contains information, but is different than the information itself. It is a "document, device, or item" recording information. R.C. 149.011(G). R.C. 149.43(B)(1) therefore does not direct offices to provide free floating information, but only documents, devices, or items containing information.

{¶31} The cases reflect the distinction. Relief is denied when the claimant "requested information rather than records" *State ex rel. Griffin v. Sehlmeyer*, 2022-Ohio-2189, ¶ 1 because requests "for information *** are improper requests under R.C. 149.43.*" *State ex rel. Morgan v. City of New Lexington*, 2006-Ohio-6365, ¶ 30. See also *Griffin*, 2022-Ohio-2189, ¶¶ 10-13; *State ex rel. Griffin v. Sehlmeyer*, 2021-Ohio-1419, ¶¶ 11-12; State ex rel. *Griffin v. Sehlmeyer*, 2021-Ohio-3624, ¶¶ 5-6; *State ex rel. Fant v. Tober*, 1993 Ohio App. LEXIS 2591, at **2-4 (8th Dist.), aff'd, 68 Ohio St.3d 117 (1993) (denying relief because claimant's request did "not indicate what records [he] would like to examine as much as what information he would like to receive").

{¶32} This request seeks information apart from records: the names of inmates subject to security reviews and related facts. It is consequently unenforceable.

{¶33} I therefore recommend that the court grant no relief regarding this component of the July 7 request.

### C. July 24 request.

{¶34} Requester's complaint alleged that he requested copies of the "complete security level review documents from all level E inmate security level reviews conducted at S.O.C.F." from March through July of 2025. Requester also alleged that SOCF denied that request based on R.C. 149.433 and R.C. 5120.21(F) on July 30, 2025. *Complaint*, pp. 1, 7.

{¶35} *Production claim*. SOCF admitted that requester made that request, but denied that the request was made on July 24. One of SOCF's own filings later confirmed that requester in fact made that request on July 24. *Answer*, ¶ 2; *Respondent's Memorandum In Opposition To* Requester's *Motion For Sanctions And Notice Of Non-Compliance*, filed October 21, 2025, p. SOCF Opp. 003. Neither SOCF's answer nor its later submissions dispute that it denied the request or the bases for the denial. Those facts are therefore admitted pursuant to Civ. R. 8(D). *Myers v. Paint Twp.*, 2024-Ohio-4784, ¶¶ 6, 8, 10, 12, adopted October 21, 2024 (Ct. of Cl. Case No. 2024-00426PQ).

{¶36} A party invoking R.C. 2743.75 must "prove facts showing that the requester *sought an identifiable public record* pursuant to R.C. 149.43(B)(1) and that the public office or records custodian *did not make the record available*." *Welsh-Huggins*, 2020-Ohio-5371, ¶ 33 (emphasis added). Requester's undenied allegations establish those elements. The burden of proof therefore shifted to SOCF.

{¶37} As mentioned above, a public office asserting an exemption must "prove facts clearly establishing the applicability of the exemption." *Id.*, ¶ 27 (internal punctuation omitted). See also, *Id.* at ¶¶ 35, 54. It "does not meet this burden if it has not proven that the requested records fall squarely within the exception," and the courts "resolve any doubt in favor of disclosure." *Id.* at ¶¶ 27, 63. See also *id*. at ¶¶ 50, 63. The public office must produce extrinsic evidence if the applicability of the exemption is "not obviously apparent and manifest just from the content of the record itself[.]" *Id*. at ¶ 35. See also *id*. at ¶¶ 30, 50, 53. "Unsupported conclusory statements in an affidavit are insufficient." *Id*. at ¶ 35.

{¶38} SOCF's statutory litigation counsel made no effort to meet that burden. See R.C. 109.02. They did not file the responsive records for camera review or file an index disclosing the legal basis for withholding the responsive records. They did not obtain

affidavit testimony regarding this request or the records responsive to it. They did not file a memorandum supporting their client's position. The result is an utter failure of proof.

{¶39} I therefore recommend that the court order SOCF to produce the records responsive to this request. However, because the records likely contain information exempted from the class of public records that could disrupt the inherently fraught prison environment, and because neither SOCF's staff nor its inmates should suffer because of its counsel's lapses, I recommend that SOCF be allowed to redact any such information. See *Matis v. Toledo Police Dept*., 2023-Ohio-4878, ¶¶ 9-12, adopted 2024-Ohio-567 (Ct. of Cl.).

{¶40} *Delay claim*. Requester made this request on July 24. He alleged that SOCF responded on July 30. *Complaint*, pp. 1, 7. That was a period of three business days. Requester has provided no evidence or argument as to why that response time was unreasonable.

{¶41} I therefore recommend that the court find no violation of R.C. 149.43(B)(1) regarding that response time.

### D.  Motions.

{¶42} The parties have filed multiple procedural motions: Requester's October 9, 2025, *Motion for Sanctions*; Requester's October 14, 2025, *Notice of Non-Compliance*; Requester's October 15, 2025*, Motion to Attach Evidentiary Support*; Respondent's November 3, 2025, *Motion to Strike*. I recommend that those motions be DENIED for two independently dispositive grounds. First, the parties did not obtain leave to file those motions as required by R.C. 2743.75(E)(2). Second, the parties have not proven grounds for the relief they sought through those motions.

{¶43} I therefore recommend that the court DENY those motions.

### E.  Costs.

{¶44} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office . . .  the amount of the filing fee . . .  and any other costs associated with the action[.]" Requester was aggrieved by SOCF's improper redactions to the records responsive to his July 7 request. I therefore recommend that he recover

his filing fee and the costs he incurred in this case. I also recommend that SOCF bear the balance of the costs of this case.

**II.      Conclusion**.

In light of the foregoing I recommend that the court:

A. Order the respondent to produce copies of the records responsive to the second component of requester's July 7, 2025, records request subject only to the redactions listed in the appendix to this report and recommendation;

B. Order respondent to produce the records responsive to requester's July 24 2025, records request subject to redactions supported by law;

C. Order respondent to pay requester's filing fee;

D. Order respondent to pay the balance of the costs of this case; and

E. Deny all other relief.

{¶45} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation.  Any objection shall be specific and state with particularity all grounds for the objection.  A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

 

 

TODD R. MARTI
Special Master

**Filed November 18, 2025**
**Sent to S.C. Reporter 11/24/25**

**APPENDIX**

**(Appropriate Redactions)**

Redactions made to *Respondent's Submission Of Records In Compliance With Order Bypassing Mediation*, filed October 2, 2025, at pp.  SOCF (B)(1) 09, 015, 017, 018, 020, and 021