[Cite as *Gardner v. N. Royalton*, 2026-Ohio-1722.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| SCOTT GARDNER | Case No. 2025-01014PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>ENTRY</u> |
| CITY OF NORTH ROYALTON | |
| Respondent | |

{¶1} This matter is before the court on requester's (Gardner) objections to the special master's April 9, 2026, report and recommendation (R&R). In her R&R the special master recommended that the court grant the City of North Royalton's (the City) motion to dismiss and order requester to bear the costs of this case. For the reasons that follow, the court OVERRULES Gardner's objections and MODIFIES and ADOPTS the R&R.

**Background**

{¶2} On November 4, 2025, Gardner made a public records request to the City for all public records related to the October 11, 2025, traffic stop and arrest of Patrick O'Callahan by the City's police department. Pertinent on objections, Gardner specifically requested the computer-aided dispatch audit log (the audit log). The City produced some records in response to Gardner's request. However, the City withheld the audit log under the exceptions found in R.C. 149.43(A)(2) and (4), the CLEIR exception and the trial preparation record exception respectively. On December 16, 2025, Gardner filed a public records complaint in this court seeking the release of the audit log.

{¶3} On February 24, 2026, the city filed evidence with the court concerning Gardner's request including an affidavit of the City's Police Chief which stated that it would release all the withheld records once the investigation concluded. *Affidavit of Keith Tarase dated Feb. 24, 2026, ¶* 8. Tarase explained that there was an investigation into

"whether any violation of law or internal policy occurred relating to the allegations of improper revisions to" police records from the October 11, 2025, traffic stop. *Id.,* ¶ 3. On March 16, 2026, after closing the investigation, the City released the audit log to Gardner. On March 17, 2026, the City filed a notice suggesting that the production of records mooted Gardner's claim. As permitted by the special master's March 18, 2026, order, the City filed a motion to dismiss and a supporting affidavit from Tarase. The affidavit stated that on March 16, 2026, "all records requested by Gardner were released to the same." *Aff. of Keith Tarase dated Mar. 24, 2026,* ¶ 7. Also permitted by the special master, Gardner filed a response to the City's motion to dismiss in which he asserted that his claim was not moot because there was still a live controversy as to whether all the records were released and because the question of whether there was a violation of the Ohio Public Records Act was still before the special master.

{¶4} In her R&R the special master determined that the record released to Gardner appeared to be the same record that was previously provided to the court for an in camera review. Both documents were titled "NorthRoyaltonLogsForIncident_2500937.xls" and the special master found no indication that the log released to Gardner was different from the log provided to the court. Therefore, the special master determined that this court can order no further relief and recommended dismissal. Further, because the special master did not find a violation of the Public Records Act, she recommended costs be assessed against Gardner.

**Objections**

{¶5} On April 9, 2026, Gardner timely filed five numbered objections to the R&R: (1) "mootness does not extinguish a completed violation"; (2) "failure to analyze the asserted exemptions is legal error"; (3) "respondent failed to meet its evidentiary burden"; (4) "this case falls within exceptions to mootness"; and (5) "assessment of costs is contrary to law and equity." *Objections*, p. 2-5. The City timely filed a response to Gardner's objections on April 16, 2026, asserting that the special master properly determined that Gardner's claim was mooted by production of the requested records. The court will address Gardner's objections out of order.

### Third Objection

{¶6} Gardner argues that the City's affidavit stating that all records were produced is insufficient as a matter of law and, therefore, the special master erred in relying on it. Gardner asserts that a public office must provide more than just bare assertions to meet its burden. Specifically, Gardner contends that the affidavit must explain the basis for the initial denial, justify the application of specific exemptions, clarify why the record was later released, establish that all responsive records were produced, and confirm that the production was complete and unaltered. The court finds no authority to require those specific elements.

{¶7} Here, in her March 18, 2026, order, the special master ordered that the City "file affidavit evidence to substantiate the release of records." The City filed an affidavit of its Police Chief which states that all responsive records were released to Gardner once the results of the related investigation were made public. *Aff. of Keith Tarase dated Mar. 24, 2026,* ¶ 7. The City attached the online public-records portal history related to Gardner's request to the affidavit. This history shows that the same document that was sent to the court for an in-camera review was provided to and viewed by Gardner on March 16, 2026.

{¶8} It is a requester's burden to prove, by clear and convincing evidence, that the requested records exist and are public records maintained by a respondent. *See State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 8. Further, when the public office provides affidavit testimony that no additional records exist, the requester must come forward with clear and convincing evidence that additional responsive records exist in order to prove his case. *State ex. rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4243, ¶ 22-26. Gardner has not proven by clear and convincing evidence that additional responsive records exist or that the records were not provided to him. Therefore, the court OVERRULES Gardner's third objection.

### First and Second Objections

{¶9} Gardner asserts that even though production of records may moot a claim for mandamus relief, the court still has an obligation to determine whether a violation occurred. In support of this argument Gardner cites *State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, and *State ex rel. Striker v. Smith*, 2011-Ohio-2878. Relatedly, Gardner asserts that because the special master did not determine whether the City properly invoked the R.C. 149.43(A)(2) and (4) exceptions, the court cannot conclude that the City complied with the law. These objections are not well taken.

{¶10} Gardner contends that the Court in *Dupuis,* "acknowledged that production can render a claim moot, but it did not hold that a public office may avoid scrutiny of its prior conduct." *Objections* at p. 2. The Court in *Dupuis* found that a "claim for attorney fees would not be rendered moot by the provision of the requested record." *Dupuis*, ¶ 9. This is inapplicable to actions, such as this one, brought under R.C. 2743.75 because recovery of attorney fees is not an available remedy. R.C. 2743.75(F)(3)(b).

{¶11} Further, Gardner argues that the Court in *Striker,* "recognized that production during litigation may affect the form of relief, but not whether the initial withholding complied with the law." *Objections* at p. 3. However, in *Striker*, the Court held that production of records rendered the requester's claim moot as to three records and only analyzed a possible violation as to the remaining record that was not produced. *Striker*, ¶ 22-23.

{¶12} Under Ohio law, it is well settled that providing requested records generally renders a public-records claim moot. *Dupuis*, ¶ 8. A public records case can be mooted by the respondent producing the responsive records during the course of the litigation. *Striker,* ¶ 17-18, 22*.* Because Gardner's complaint states that he requests relief in the form of production of the withheld records, and does not specifically claim unreasonable delay, the court finds that the special master did not err when she did not analyze a violation of the Public Records Act because her finding of mootness rendered such analysis unnecessary. However, Gardner's objections refer to a violation of the Public Records Act, which may include unreasonable delay. Therefore, the court modifies the R&R to include the analysis of a delay claim and, within that analysis, an analysis of the claimed exceptions as stated herein.

{¶13} The requester bears the burden of demonstrating that a public office's response was unreasonably delayed. *State ex rel. Cordell v. Paden*, 2019-Ohio-1216, ¶ 11-12.; *accord Diebert v. Lafferty*, 2022-Ohio-2919, ¶ 28, adopted 2022-Ohio-3052 (Ct. of Cl.). Gardner has not met that burden here. Gardner's initial request was on November 4, 2025, for several video and audio records as well as police reports and communications. *Req. Evid.,* p. 4. The City responded to all requests and produced records in November and December 2025. *Id.,* p. 4-6. On December 11, 2025, the City informed Gardner that the "audit log . . . is not being released at this time under ORC 149.43(A)(2)(a), ORC 149.(A)(2)(b), and ORC 149.43(A)(4)." *Id.* at p. 6. This means that the City produced the records or a response to Gardner's request with cited exceptions in a maximum of 26 business days, excluding federal holidays. Based on the volume and content of his requests, the court finds that Gardner has provided no evidence or argument as to why that was an unreasonable response time, as was his burden. See *Isreal v. Franklin Cty. Commr's*, 2021-Ohio-3824, ¶ 14 (10th Dist.) (finding that a 30-business day response time was reasonable).

{¶14} As to whether the City unreasonably delayed its release of the audit log by claiming an exception, the court finds it did not. If records are withheld from release based on a public records exception, the public office must "prove facts clearly establishing the applicability of the exception." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 2020-Ohio-5371, ¶ 27. The public office "does not meet [its] burden if it has not proven that the requested records fall squarely within the exception," and courts "resolve any doubt in favor of disclosure." (Cleaned up.) *Id*. at ¶ 27. The public office must produce extrinsic evidence if the applicability of the exception is "not obviously apparent and manifest just from the content of the record itself." *Id*. at ¶ 35. "Unsupported conclusory statements in an affidavit are insufficient." *Id*. at ¶ 35.

{¶15} Here, the City claims that the audit log fell under the CLEIR exception found in R.C. 149.43(A)(2)(a)(i). R.C. 149.43(A)(2)(a)(i) applies to records pertaining to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature that would create a high probability of disclosure of the identity of an unnamed suspect.

{¶16} In support of the City's reliance on this exception, it produced the withheld record for an in-camera review and produced an affidavit of the Police Chief, Keith Tarase. Tarase averred that at the time of Gardner's request, a special prosecutor was investigating the police department for changes made to records regarding the arrest of Patrick O'Callahan. *Aff. of Keith Tarase,* ¶ 3.  Tarase averred that the special prosecutor's investigation ended on December 2, 2025, however, an internal investigation was still pending. *Id.* at ¶ 4-6.  The City claims that the audit log was exempt from release because the log would have disclosed the identities of the officers who were unnamed suspects at the time.  Upon review of the audit log provided for in-camera review, the court finds that the City proved that the exception applied because it lists the usernames of officers who had access to the records that were under administrative investigation.  Accordingly, the court OVERRULES Gardner's first and second objections.

### Fourth Objection

{¶17} Gardner argues that even if his claim could be rendered moot by production, his claim falls under an exception to mootness because the alleged conduct is capable of repetition yet evades review.  This argument is not well taken.

{¶18} In order for this exception to apply, two factors must be "present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. City of Upper Arlington*, 89 Ohio St.3d 299, 231 (2000).  Gardner has not proven that either factor applies.  Gardner states that generally public offices can delay release of records by waiting to provide them until a public-records case is filed against them.  The court finds this argument insufficient to meet either element.  Therefore, the court OVERRULES Gardner's fourth objection.

### Fifth Objection

{¶19} Finally, Gardner argues that the special master erred because her "recommendation that Requester bear costs is premised on the conclusion that no violation occurred." *Objections*, p. 5.  The Ohio Supreme Court has held: "The duty to

pay court costs is a civil obligation arising from an implied contract." *Strattman v. Studt*, 20 Ohio St.2d 95 (1969), paragraph six of the syllabus. The Ohio Supreme Court explained, "[b]y being involved in court proceedings, any litigant, by implied contract, becomes liable for the payment of court costs if taxed as a part of the court's judgment." *Id.* at 103. Additionally, under Ohio law the "ultimate determination as to how court costs will be assessed is a matter of sound judicial discretion." *Vales v. Ins. Affiliates Agency, Inc.*, 1990 Ohio App. LEXIS 5041, at *4-5 (8th Dist. Nov. 21, 1990), citing *State ex rel. Fant v. Regional Transit Auth.*, 48 Ohio St.3d 39 (1990). Accord *Pfeifer v. Chief Drilling Inc.*, 1977 Ohio App. LEXIS 8865, at *28 (10th Dist. May 24, 1977) ("[a]warding of court costs lies within the discretion of the trial court"). The court finds that the special master did not err in her recommendation as to court costs because there was no violation of the Public Records Act as the court noted above in modifying the R&R. Therefore, the court OVERRULES Gardner's fifth objection.

**Conclusion**

{¶20} For the reasons set forth above, the court OVERRULES Gardner's objections. The court MODIFIES the R&R consistent with this decision and ADOPTS the R&R, as modified herein, as its own. Therefore, the court grants the City's motion to dismiss and DISMISSES Gardner's complaint. Court costs are assessed against Gardner. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed April 27, 2026**
  **Sent to S.C. Reporter 5/11/26**